### TIDAL OIL CO. et al. v. GRAYS et al.
#### Nos. 1374, 1375.

Court of Civil Appeals of Texas. Waco.
Nov. 17, 1932.

Rehearing Denied Dec. 22, 1932.

Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., Hiner & Pannill, of Fort Worth, Witt, Terrell & Witt, of Waco, Y. P. Broome, of Tulsa, Okl., and Allen & Morton, of Fort Worth, for appellants.

Tom P. Scott and Carlton Smith, both of Waco, and Joe Ingraham, of Fort Worth, for appellees.

BAROUS, J.

Appellees Mary Jane Grays and Josie Nichols instituted this suit in the district court of McLennan county for partition of 140 acres of land in Gregg county. They named as defendants Will Roy of Oklahoma, alleged to own ⅛ interest in the land, Henry Jones and Henry Porter of Navarro county, alleged to own each ⅟₉₆ interest, Rastus Williams, Boston Moore, Jonah Moore, Grammer Moore, Lillie Moore Bell, of Gregg county, each alleged to own ⅟₇ interest, C. B. Bell and Jim Bell of Gregg county, each alleged to own ⅟₂₈ interest, and Annie Bell Crockett of Smith county, alleged to own ⅟₂₈ interest, and Alice Hayes Jefferson of McLennan county, alleged to own ⅟₄₉ interest, and alleged that Mary Jane Grays owned a ⅟₂₈ interest, and appellee Josie Nichols a ⅟₄₉ interest. They alleged that the Tidal Oil Company, a corporation, and Shell Petroleum Corporation claimed ownership of an oil lease on all of the property, and had drilled a number of producing wells on the premises, and were taking the oil therefrom and disposing of same without accounting to appellees for their pro rata part thereof. They alleged that a number of other parties living in various counties in the state and other states in the Union and other parties whose residences were unknown to them were claiming some interest in the property. They alleged that Arma Lee Greer of McLennan county was also claiming some interest in the property. They asked for a receiver to be appoint-

ed to take charge of the property and operate the producing oil wells during the pendency of the suit and on final hearing for judgment for partition of the land and for judgment against the oil companies for the value of the oil which had been taken from the premises.

The Tidal Oil Company and Shell Petroleum Corporation each filed pleas of privilege, and subject thereto filed a contest to the appointment of a receiver. None of the other defendants was served with any notice of the pendency of the suit. The statement of facts shows that the notice on the hearing for a receivership was served on Boston Moore, Jonah Moore, Lillie Moore Bell, Ruben Bell, Susie Bell Jones, James Jones, Grammer Moore, and Jim Bell. It was not served on C. B. Bell because he was dead. None of the other numerous defendants had any notice of the application for the appointment of a receiver. By agreement of attorneys representing the oil companies, who are appellants, and the attorneys representing the appellees, who were plaintiffs in the trial court, the trial court heard the pleas of privilege and the application for the appointment of a receiver at the same time. The trial court overruled each of the pleas of privilege filed by the oil companies, and then appointed a receiver to take charge of the property, together with the eight producing oil wells located thereon, with power to control and operate the oil wells and manage and control the production of oil, and market and sell same for the best cash price obtainable and employ such labor as he deemed necessary in the operation of said oil wells. Each of the oil companies has prosecuted appeals from the order overruling their respective pleas of privilege as well as the order appointing a receiver.

Appellants contend that their pleas of privilege should have been sustained, on the theory that the suit, in effect, was one in trespass to try title to land in Gregg county. Appellees Mary Jane Grays and Josie Nichols, who were plaintiffs in the trial court, in their controverting affidavits, contended that the district court in McLennan county had jurisdiction to try the case, on the theory that it was a partition suit and that one of the defendants, namely, Alice Hayes Jefferson, who they alleged owned a 1/49 interest therein, lived in McLennan county, and that, under subdivision 13, article 1995, said court had jurisdiction.

In their petition appellees, who were plaintiffs in the trial court, alleged that the parties named by them as plaintiffs and defendants owned the entire tract of land. On the trial no effort was made by them to show that the parties named in the petition were the owners of the entire tract of land or that other parties not named did not own an interest therein. The petition alleged that C. B. Bell owned a 1/28 interest therein. The sheriff's return, which plaintiffs introduced in evidence on the

hearing on the pleas of privilege, recited that C. B. Bell was deceased. As to who inherited his interest, the record is silent. Appellees, who were plaintiffs below, offered evidence tending to show that they owned an undivided 3/8 interest in the property, and that the defendant Alice Hayes Jefferson owned an undivided 1/49 interest therein, but no proof was offered to show who, if any one, owned the remaining interest in the land in controversy.

The law is well settled that, where a plea of privilege is filed, the plaintiff in the trial court must at least establish by evidence a prima facie showing that the trial court has jurisdiction to hear and determine the case by virtue of some exception contained in the venue statute. Southwestern Surgical Supply Co. v. Scarborough (Tex. Civ. App.) 15 S.W. (2d) 65, and authorities there cited. The law is also well settled that a partition suit for land cannot be maintained in any court until and unless all of the joint owners thereof are made parties, either plaintiff or defendant. Maxwell's Unknown Heirs v. Bolding (Tex. Civ. App.) 11 S.W.(2d) 814, and authorities there cited. It therefore became necessary, in order to show that the district court of McLennan county had jurisdiction of this case, for appellees to show that they had made all joint owners of the property in question parties, either plaintiff or defendant, and, since the evidence fails to show this fact, the trial court erroneously overruled the pleas of privilege.

That portion of appellees' suit which seeks to prevent the appellant oil companies from extracting oil from the land or which seeks a judgment against them for the value of the oil that has been taken therefrom, standing alone, would not give the district court of McLennan county jurisdiction under the testimony as offered on the hearing on the pleas of privilege. Subdivision 14 of article 1995, Revised Statutes, provides that a suit to prevent waste of land shall be brought in the county where the land is located, and our courts have held that the extracting of oil from land is a waste thereof. Walter v. Hammonds (Tex. Civ. App.) 42 S.W.(2d) 1084.

Appellees having failed to establish a prima facie showing that all of the joint owners of the real estate sought to be partitioned were parties to the suit, the trial court erroneously overruled appellees' pleas of privilege, and this necessitates a reversal of that portion of said judgment.

Our Supreme Court has uniformly held that the trial court has no power to enter any order except one transferring the cause until it has passed upon a plea of privilege when same has been properly filed. Craig v. Pittman & Harrison (Tex. Civ. App.) 234 S. W. 1112; Id. (Tex. Com. App.) 250 S. W. 667; Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; Watson Co. v. Cobb Grain Co. (Tex.

Com. App.) 292 S. W. 174; Texas-Louisiana Power Co. v. Wells (Tex. Com. App.) 48 S.W. (2d) 978. Whether in any event the trial court would be authorized or empowered to appoint a receiver prior to the filing of a plea of privilege, or whether the appointment of a receiver made prior to the time a plea of privilege is filed becomes of no force or effect upon the filing of a plea of privilege, we do not determine. In the case at bar, appellees asked the court to give the defendants ten days' notice to appear and show. cause why a receiver should not be appointed. A large number of the defendants were not notified of said hearing, and, before the trial court acted upon appellees' motion for the appointment of a receiver, he heard and overruled appellants' pleas of privilege. Since we hold that the trial court's action in overruling appellants' pleas of privilege was erroneous, under the authorities above cited it follows that the order of the trial court in this case appointing a receiver to take charge of the land and oil wells located thereon was also erroneous.

The judgments of the trial court overruling appellants' plea of privilege and appointing the receiver are reversed, and the cause remanded.