## H. W. MIERS v. H. W. BROUSE

No. A-4406. Decided June 30, 1954.
Rehearing overruled October 20, 1954.
(271 S.W. 2d Series 419)

512

*A. C. Scurlock,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that a party, otherwise interested, could not maintain an action in court for an accounting and the winding up of a partnership without having had throughout the duration of the partnership a license as a "real estate dealer". And in disregarding uncontroverted and material evidence introduced by the parties and considered by the trial judge in rendering his interlocutory judgment from which the appeal has been taken. Mayse v. State, 156 Texas Crim. Rep., 360, 242 S.W. 2d 371; Superior Oil Co. v. Stanolind Oil & Gas Company, 150 Texas 317, 240 S.W. 2d 281; Wylie v. Joiner, 223 S.W. 2d 539.

*Townsend & Townsend* and *J. N. Townsend,* of Dallas, for respondent.

In reply cited Goodwin v. Stewart, 125 Texas 212, 82 S.W. 2d 632; Reiser v. Jennings, 143 S.W. 2d 99, writ dismissed Cor. Judg.; Cox v. Robison, 105 Texas 426, 150 S.W. 1149.

Mr. Justice Smith delivered the opinion of the Court.

Petitioner filed this suit against respondent on September 20, 1950, alleging that prior thereto the parties were acting as partners or engaged in a joint venture. The business of the alleged partnership involved the development and sale of certain lands situated in Dallas County, Texas. Petitioner alleged that the partnership began in 1943; that pursuant to contract and agreement with certain landowners, petitioner and respondent began improving the land, subdividing it into lots and entering into sales contracts with third parties as purchasers. Petitioner alleged that as the result of such activities many sales were made and that the sum of $2,073.72 was in the possession of the respondent; that pettioner was and is the owner of such sum; that it was agreed that all funds were to be held by respondent as trustee for the benefit of petitioner and respondent and the landowners; that the landowners were to receive 60% of all profits resulting from sales, and the petitioner and respondent were to receive 40% of the profits; that the respandent failed to pay over to petitioner his share of the profits realized from the sale of the lots.

Petitioner and respondent agree that purchasers of lots had paid to respondent the sum of $1,511.50 to be used by the partners in graveling the streets "in front" of their respective lots, and that this sum of money had not been so expended; that the money was in the possession of respondent and should be refunded to the purchaers. On April 14, 1951, petitioner filed an application for the appointment of a receiver, and prayed for a temporary injunction restraining the respondent from disposing of any of the funds derived from the business of the partnership. The temporary injunction was granted on May 5, 1951. Petitioner's bond was filed and approved on May 9, 1951. The injunction was issued on May 28, 1951, and the respondent was delivered a true copy thereof by the Sheriff of Dallas County, Texas, on May 29, 1951.

On December 17, 1952, respondent filed a motion to dissolve the temporary injunction. The motion was overruled. The Court of Civil Appeals for the Fifth Supreme Judicial District of Texas has dissolved the injunction as to all monies claimed by petitioner, but modified the injunction "to preserve the $1,511.50 for the purpose for which it was created, that it, it is to be used only for the purpose of graveling the streets in front of the property sold." For full statement of the pleadings and evidence see the opinion, 261 S.W. 2d 734, 739.

■ This case involves the construction of Article 6573a, Vernon's Annotated Civil Statutes of Texas, known as the "Real Estate Dealers License Act." The opinion of the Court of Civil Appeals recites the provisions of the statute involved, and the respective contentions of the parties. Petitioner and respondent were licensed real estate dealers when they entered into the partnership agreement. Petitioner renewed his license each year and was a duly licensed real estate dealer until December 31, 1946. Respondent contends that the failure of petitioner to renew his license automatically dissolved the partnership, and a suit to recover subsequently accruing commissions could not be maintained without proof of license. The Court of Civil Appeals has sustained this contention and dissolved the injunction, holding that petitioner was not entitled to maintain the suit" * * * without both alleging and proving that he was a duly licensed dealer or salesman at the time the cause of action arose * * *". In reaching its conclusion the Court necessarily held that petitioner's entire cause of action did not arise until after December 31, 1946. With this holding we do not agree. The record reveals that at least a part of the cause of action

arose at a time when petitioner was a duly licensed real eestate dealer under Article 6573a, supra. We hold that petitioner, although he now stands without a license, has the legal right to maintain a cause of action for all claims against respondent which arose by virtue of sales of lots made by the partnership prior to December 31, 1946. When petitioner performed his part of the agreement and the sales, a right to the commissions came into being. That right continued, and the fact that he was without a license at the time the money derived from such sales was paid to respondent should not and does not act as a bar to his recovery in this case. The first maxim of equity is that it will not suffer a right to be without a remedy. As Lord Holt early said: "If the plaintiff has a right, he must of necessity have a means to vindicate and maintain it * * *. It is a vain thing to imagine a right without a remedy." 19 Am. Jur. 311, 312, Note 3.

■ ■ Respondent admits that the money, the sum of $2,073.72 now in his possession, belongs to petitioner ,but he contends that no part of it can be recovered by petitioner for the reason that the statute, supra, prohibits filing and prosecuting the suit. Article 6573a, supra, requires that the agent must have a license when real estate is listed with him for sale, during all or any activities by the agent, and when his cause of action for the commission or compensation arises. It was not the intention of the Legislature to deny a realtor who had fully complied with the law at the time a sale was made, the right of recovery. In our opinion, the term "cause of action" as used in Section 13 of the Act does not mean that petitioner's cause of action did not arise until default in payments was made by the purchasers, or until respondent failed to deliver to him his portion of the proceeds which might have been paid by the purchasers. Petitioner's cause of action arose when his activities were completed and the sales were consummated. "* * * Courts will not follow the letter of a statute when it leads away from the true intent and purpose of the legislature, and to conclusions inconsistent with the general purpose of the act. * * *" Edwards v. Morton, 92 Texas 152, 46 S.W. 792, 793.

The injunction granted by the trial court should be kept in force and effect until this cause is tried on its merits. The trial court is instructed to require petitioner to replead his cause of action to conform to this opinion. The effect of this opinion is to confine the cause of action to activities and sales prior to December 31, 1946, and to eliminate from the pleadings claims which arose as the result of sales made at any time after that

date, or at any time when petitioned was not a duly licensed real estate dealer.

■ We approve the opinion of the Court of Civil Appeals wherein it held (1) that the contracts between the landowners and petitioner and respondent were not in law "powers of attorney," and, therefore, petitioner did not bring himself within the exemptions contained in the Act; (2) that the order granting the temporary injunction could not be the basis of res adjudicata since it is only an interlocutory order; and, (3) that the order overruling respondent's motion for summary judgment was also an interlocutory and nonappealable order. Therefore, these issues should not be included in the revised pleadings.

The item of $1,511.50, designated as "gravel money," was not involved in the temporary injunction. The Court of Civil Appeals has modified the injunction, as stated above. Petitioner and respondent have accepted this action of the Court. In view of the circumstances, the admissions of the petitioner and respondent relative to this item, and in order to protect the rights of the alleged purchasers, the trial court is directed to order that the sum of $1,511.50 be paid into the registry of the court to be held pending further action of the court. Some of these purchasers have intervened in this suit praying for a refund. The respondent has attached to his answer a list of purchasers stating the amount of money to which each is entitled, and has alleged that the money should be refunded. Until the money has been paid into the registry of the court, the injunction granted by the Court of Civil Appeals is declared in full force and effect.

The judgment of the Court of Civil Appeals dissolving the temporary injunction is reversed and that of the trial court affirmed, and the cause is remanded to the trial court for a trial on its merits in accordance with this opinion.

Opinion delivered June 30, 1954.

Rehearing overruled October 20, 1954.