**W. B. JOHNSON DRILLING COMPANY et al., Appellants,**

v.

**Robert E. LACY et ux., Appellees.**

**No. 3517.**

Court of Civil Appeals of Texas.

Eastland.

May 27, 1960.

Rehearing Denied June 17, 1960.

---

Kenley, Sharp, Ritter & Boyland, Long-view, for appellants.

J. Byron Saunders, Tyler, for appellees.

COLLINGS, Justice.

This is a plea of privilege case. Robert E. Lacy and wife, Earlene G. Lacy, brought suit in Coleman County against N. E. Loomis and W. B. Johnson, individually and as partners operating under the name of W. B. Johnson Drilling Company, Joe Mucher and the Premier Oil Refining Company, a corporation, all of Longview, in Gregg County, Texas, and against Hunt Graham, independent executor of the estate of Maner Graham, deceased, of Tyler, Smith County, Texas. The defendants filed pleas of privilege to be sued in the respective counties of their residence. Such pleas were overruled and defendants have appealed.

The following facts, circumstances and proceedings are material to a determination of the questions presented on this appeal. Plaintiffs filed their original petition on March 30, 1959, alleging that "they were the owners" of an undivided 25/30ths inter-est in a unit of a mineral leasehold estate designated as the W. B. Johnson Drilling Company et al., Mrs. T. B. Daniel et al. Unit Number 1 at Novice, Coleman County, Texas. Plaintiffs alleged that as successors in interest to Echo Oil Company they be-came a non-operator with W. B. Johnson Drilling Company as operator, and Joe Mucher and Maner Graham, other non-op-erators, by virtue of a certain operating agreement of December 30, 1944; that by virtue of such ownership of said leasehold estate plaintiffs "were entitled to and owned" an undivided 25/30ths of all oil pro-duced therefrom, as well as all pumps, tanks and other personal property thereon. Plaintiffs further alleged that on March 29, 1957, the Internal Revenue Service, through its District Director, levied upon the above described property for delinquent taxes owed by plaintiffs and made a re-straint sale to the defendant N. E. Loomis,

who, in turn, sold an undivided 1/3rd in-terest in said 25/30ths working interest to defendant Joe Mucher and another 1/3rd interest therein to defendant W. B. John-son; that at all times material hereto Premier Oil & Refining Company was pur-chasing the oil produced, saved and sold from said leasehold interest; that Premier Oil Producing Company on March 27, 1958, wrongfully released to other defend-ants oil accruing to plaintiffs' interest amounting to $6,920.67. Plaintiffs alleged that the sale by the Internal Revenue Service was invalid, in that, the notice of seizure and notice of sale, both dated March 12, 1957, and the certificate of sale, dated March 29, 1957, did not describe and itemize the personal property seized and sold as provided in the Internal Revenue Code. Plaintiffs alleged that the above described acts of each and all of said de-fendants constituted a conversion of plain-tiffs' interest in said property, and sought judgment against defendants, jointly and severally, for the sum of $6,920.67, the value of the oil wrongfully converted, and the sum of $12,841.32, the reasonable "rental value" of plaintiffs' interest in the personal property used in connection with the production of oil from said lease. Plaintiffs also alleged that such acts of the defendants in purchasing plaintiffs' interest in said unitized lease under the circum-stances constituted fraud for which plain-tiffs should be entitled to recover and they sought judgment against the defendants in the total amount of $19,761.99. Plaintiffs also prayed for any other and further re-lief to which they might show themselves to be entitled.

The defendants, N. E. Loomis, W. B. Johnson, W. B. Johnson Drilling Company, Joe Mucher, Premier Oil & Refining Com-pany and Hunt Graham, filed pleas of privilege to be sued in Gregg and Smith Counties, the alleged places of their resi-dence, urging under oath that no exception to exclusive venue in the county of their residence existed.

Plaintiffs timely filed their controverting affidavit to the pleas of privilege denying that no exceptions to exclusive venue in the counties of the defendants' residence existed, and claimed venue in Coleman County under the provisions of Subdivision 9 of Article 1995, V.A.T.C.S. Plaintiffs alleged that defendants had committed a trespass in Coleman County upon plaintiffs' personal property, which was attached to the realty and thereby became a part thereof; that the acts of defendants constituted a legal conversion "of such property" in Coleman County. Plaintiffs further alleged that the cause of action set out in their petition arose out of and in connection with an interest in realty situated in Coleman County, and adopted in full all allegations set out in their original petition.

Appellants urge that the court erred in overruling their pleas of privilege because the record shows as a matter of law that the claims asserted by Robert E. Lacy and wife were for rental, debt or conversion of personal property and that such claims do not come within any of the exceptions to exclusive venue in the county of one's residence. Appellees question appellants' statement or classification of the nature of the cause of causes of action asserted in their pleadings. Appellees contend, in effect, that their suit was: (1) to recover an interest in real estate, specifically, their interest in an operating unit covering several oil and gas leases; (2) to recover the oil run from such operating unit accruing to plaintiffs' interest therein and (3) to recover a debt for the rental of the equipment used in producing the oil from such unit.

■ The only exception to Article 1995, V.A.T.C.S., specifically mentioned and relied upon in appellees' controverting affidavit was subdivision 9 which refers to a crime, offense or trespass committed in a county where suit is brought. Under this subdivision a plaintiff has the burden to both allege and prove that a crime, offense or trespass was committed by the defend-

ants or their agents in the county where venue was laid. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Appellees' contention concerning personal property involved, as we understand it, is that the Director of Internal Revenue did not levy upon, or, in any event, did not make a valid sale of such personal property situated on the lease and that appellees are still the owners thereof. Their suit concerning such alleged personal property seeks only to recover rentals due on an implied rental contract. This is not a suit for conversion as contemplated by subdivision 9 of the statute and will not sustain venue in Coleman County.

■ Appellees also sought to recover $6,920.67, the value of oil alleged to have been converted by appellants. Actually, appellees' allegations concerning this claim are, in effect, that Premier Oil Company wrongfully paid to other appellants said sum of money, alleged to be the proceeds from the sale of oil which plaintiffs were entitled to receive. A conversion of the proceeds of the sale of oil, or a conversion of the oil itself after it was produced and severed from the land would be a conversion of personal property, not a conversion of realty. To sustain venue in Coleman County under subdivision 9, appellees had the burden not only to allege but to prove the conversion of personal property. This they did not do. No meritorious cause of action is shown for conversion of oil or the proceeds of the sale of oil in Coleman County, as contemplated by subdivision 9 of the statute.

■ Although appellees did not in their controverting affidavit specifically refer to subdivision 14 of Article 1995, they are not precluded from now invoking such exception to the venue statute if the facts alleged in their petition show that the suit involves land as contemplated therein. American Seed Co. v. Wilson, Tex.Civ. App., 140 S.W.2d 269. Their controverting affidavit referred to and adopted the allegations of their original petition filed on

March 30, 1959. Our consideration is limited thereto and may not include the allegations of their amended petition thereafter filed and not adopted as a part of their controverting affidavit. The original petition is not shown in the transcript but appellants set out an alleged copy in their brief and appellees do not deny the correctness of the copy.

■ We cannot agree with appellees' contention that their original petition sought to recover an interest in realty. Ordinarily the nature of a plaintiff's cause of action may be determined by his prayer for relief but courts are not limited thereto in determining the question. The rule is that where venue is sought to be established by reason of the nature of a suit that question is determined by the nature of the principal right asserted in plaintiff's petition and the relief sought for the breach thereof. Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Traweek v. Ake, Tex.Civ.App., 280 S.W.2d 297. The specific relief prayed for by appellees was to recover $6,920.67, the value of oil alleged to have been wrongfully converted and an additional sum of $12,841.32 as rental for the use of appellees' alleged interest in personal property. Neither of these claims is of itself in the nature of a suit "for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land * * *" as contemplated by subdivision 14 of Article 1995, V.A.T.C.S. Plaintiffs' original petition did not pray for the recovery of an interest in land, nor did they allege that oil was wrongfully taken from land owned by them so as to constitute damage or waste to land. See Tidal Oil Co. v. Grays, Tex. Civ.App., 54 S.W.2d 1043, (certified questions answered Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113); Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171. The allegations in plaintiffs' original petition concerning the taking of oil or the proceeds thereof were, in effect, that the purchaser of the oil (not claimed to have been wrongfully produced) wrongfully paid to defendants $6,920.67, the proceeds of the sale of oil which plaintiffs were entitled to receive. Oil in place is realty but when it is removed or severed from the land and produced it ceases to be realty and becomes personal property. Choice v. Texas Co., D.C.Tex., 2 F.Supp. 160. Conversion of personal property does not come within the provision of subdivision 14. Also, as heretofore noted, appellees did not prove a conversion of personalty.

The relief specifically prayed for by appellees in their original petition was a judgment for rent of personal property on the lease and for debt or conversion of personal property (severed oil or the proceeds thereof). These claims are obviously not contemplated under the provisions of subdivision 14. The only question remaining is whether an examination of plaintiffs' original petition as a whole reveals that the nature of the principal right asserted by appellees as a basis for recovery of the specific relief sought was such that it must be said that the suit was essentially for recovery of land. In our opinion this question must be answered in the negative.

■ A suit for the recovery of land under Subdivision 14 must allege a present title to the land. O'Quinn v. Dunagan, Tex.Civ.App., 227 S.W.2d 366; Calvert v. Greene, Tex.Civ.App., 326 S.W.2d 592. Plaintiffs did not specifically or by implication allege that they were presently the owners of the fractional interest in the mineral leasehold in question. They asked for no relief which would require the court to determine such ownership. All the relief sought by appellees could have been properly granted without a determination that appellees are the present owners of such mineral interest. The court could have granted them judgment for $6,920.67, the proceeds of the sale of oil produced prior to the trial, by determining only that they were owners of such leasehold interest during the period that the oil was pro-

duced. Appellees' right to a judgment for rent of the personal property situated on the lease is likewise not dependent upon a determination that they were the owners of realty at the time of the trial. Appellees did not ask a declaratory judgment determining their present interest in the leasehold or their right to participate in future production therefrom. A declaratory judgment determining appellees' right to both past and future oil production would have, of necessity, required a determination of their title to the land. Numerous cases have so indicated. See Case-Pomeroy Oil Corp. v. Pure Oil Co., Tex.Civ.App., 245 S.W.2d 763, and cases therein cited.

The case of Renwar Oil Corp. v. Lancaster, 154 Tex. 311, 276 S.W.2d 774, was a suit for a money judgment for royalty due for oil already produced under a lease, but, the plaintiffs, therein also sought a declaratory judgment fixing the rights of the parties under the oil and gas lease, including production, both past and future. It was held by our Supreme Court that where a trial court was required either to locate a survey on the ground, in order to determine the dispute as to the amount of royalty due, or to determine that one of the parties was estopped to deny a particular location, that the suit, though cast as one for a declaratory judgment of plaintiffs' rights under a contract, (an oil and gas lease), and for the amount of money due for oil already produced under the lease, was essentially for the recovery of land and to quiet title thereto. The plaintiffs in the Renwar case sought a declaratory judgment which could not have been adjudicated without a determination of their present interest in the land involved.

The instant case is distinguishable from the Renwar case. As previously noted, appellees did not seek a declaratory judgment determining their interest in realty. They sought no relief which could not have been granted without a determination of their present title to realty. The principal right asserted by appellees, therefore, was not such that the suit was essentially for the recovery of land. The primary purpose of the suit was not the recovery of land or for damages thereto and venue was not properly laid in Coleman County. Lake v. Reid, Tex.Civ.App., 252 S.W.2d 978.

For the reasons stated, the judgment of the trial court overruling the defendants' pleas of privilege is reversed and the cause is remanded.