**GREEN OAKS APTS., LTD., a/k/a Green Oaks Apartments, Ltd., and Kenneth Wanamaker, Trustee, Appellants,**

v.

**Morris CANNAN, Appellee.**

**No. 04–83–00300–CV.**

Court of Appeals of Texas, San Antonio.

June 28, 1985.

Rehearing Denied Sept. 12, 1985.

Eugene DuBose, Dallas, for appellants.

Ronald B. King, Frederick R. Zlotucha, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiffs, Green Oaks Apartments, Ltd., and Kenneth Wanamaker, Trustee, holders of a second lien on the Green Oaks Apartment Building in San Antonio, appeal from an order of a Bexar County district court dismissing their suit against defendant,

Morris Cannan, holder of the first lien in such property. The controversy concerns the efforts of defendant to foreclose his lien.

After defendant posted notices of foreclosure of his first lien, announcing that the foreclosure sale would be held on March 1, 1983, plaintiffs sought a temporary injunction in the United States Bankruptcy Court, in which Chapter 11 bankruptcy proceedings, instituted by plaintiffs, were pending. The bankruptcy court refused to issue the temporary restraining order enjoining the March 1st sale. On February 28, 1983, plaintiffs filed suit in the United States District Court for the Western District of Texas, seeking to enjoin the foreclosure sale. Later that same day plaintiffs filed this suit in the state district court seeking a temporary restraining order and a temporary injunction aimed at preventing the defendant from proceeding with the foreclosure sale, and on that date the state court issued a temporary restraining order enjoining defendant from proceeding with the sale. The state court designated March 8, 1983, as the date on which the hearing of plaintiffs' application for temporary injunction would be heard.

Despite the restraining order, the trustee under the deed of trust proceeded with the sale and the property was sold to defendant on March 1st. On March 3rd the United States District Court denied plaintiffs' application for a temporary restraining order, and on that date defendant filed in this case his motion to dissolve the temporary restraining order issued by the state court on February 28th.

Defendant's motion to dissolve alleged that the state court lacked jurisdiction because of the pendency of the proceedings in the bankruptcy court and of the suit for injunction in the United States District Court and the denial of plaintiffs' prayers for temporary restraining order in both suits. Defendant alleged that the actions

of the federal courts were res judicata, and that the state court suit filed by plaintiffs were collateral attacks on the judgments of the two federal courts. Defendant prayed for the dissolution of the temporary restraining order.

The hearing on the motion to dissolve was set for March 4th, but there is nothing in the record to indicate that a hearing was held on such date.

On March 4th plaintiffs filed their response to the motion to dissolve, and on March 10th plaintiffs filed their first amended original petition in which they referred to the issuance of the temporary restraining order and the violation of such order by the holding of the foreclosure sale and the purchase of the property by defendant. Plaintiffs further alleged that defendant had ousted plaintiffs from possession of the property. After alleging that the foreclosure sale was void because it was consummated in knowing violation of the temporary restraining order of which notice had been served, plaintiffs prayed that (1) the foreclosure sale be declared void; (2) the court issue a temporary injunction enjoining defendant from interfering with plaintiffs' possession and attempting to hold a foreclosure sale for a period of 60 days; (3) declaring that the temporary restraining order previously issued was a valid order; and (4) declaring the March 1st foreclosure sale void.

By order signed March 11th the trial court dismissed plaintiffs' cause of action. This order contained a recital that defendant "is entitled to the relief requested in his pleadings concerning the plea in bar."

At the time the order of dismissal was signed, the only pleading which had been filed by defendant was the motion to dissolve the temporary restraining order which had been issued on February 28th. No instrument had been filed by defendant containing a "plea in bar" or requesting dismissal of plaintiff's cause of action.[1]

---

**1.** Defendant filed a pleading captioned "Defendant's Answer to Plaintiff's Original Petition and Other Pleadings" which contained a prayer that the plaintiffs' cause of action be dismissed. In

one of the paragraphs in this pleading defendant alleged: "Defendant further asserts a Plea in Bar and in the alternative a Plea in Abatement...." However, this instrument was not

**418**

■ The only possible grounds suggested by the record for the dismissal were the pendency of the bankruptcy suit and the application for injunction in the federal district court, plus the refusal of temporary restraining orders by both federal courts. Defendant's motion to dissolve expressly invoked the doctrine of res judicata, based on the pendency of the federal proceedings. However, an order denying a temporary restraining order is not a final judgment and cannot support a plea of res judicata. An interlocutory order, with some exceptions not here applicable, lacks the finality required for invocation of the doctrine of res judicata. *Miers v. Brouse*, 153 Tex. 511, 271 S.W.2d 419 (1954).

The allegations in the motion, although made in support of the plea of res judicata, are sufficient to call the court's attention to the fact that suits involving the same cause of action were pending in the federal courts. It is, perhaps, possible to interpret the allegations in the motion as sufficient to support a plea in abatement based on the pendency of other actions, previously filed in other courts.

■ The pendency of an action in federal courts involving the same parties and the same issues as those involved in a state court proceeding is not a reason for abating the proceedings in the state where the suit in the federal court is in personam. *Williamson v. Tucker*, 615 S.W.2d 881, 885 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.); *Byrnes v. University of Houston*, 507 S.W.2d 815 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). Defendant, without disputing this rule, urges that it is inapplicable because the federal suit involved in this case is an action in rem or quasi in rem.

■ Strictly speaking, an action is "in rem" when it is taken directly against a thing and affects the interests of all persons in the world in the thing. Examples are statutory proceedings for the forfeiture of things used in violation of narcotics laws and other laws. Judgments in such ac-

tions, often bearing an intriguing style such as "State v. One 1963 Pontiac Automobile," are binding upon the interests of all persons in the thing. Other examples are some admiralty cases and proceedings in probate courts. If the action affects only the interests of particular persons in the thing, it is often said that the action is in rem, although such an action is commonly referred to as being "quasi in rem." An example of such an action in Texas is our action in trespass to try title. *See* RESTATEMENT (SECOND) CONFLICT OF LAWS p. 191 (1969).

Defendant cites no cases in support of his contention that the suit in federal court seeking injunctive relief is an action in rem or quasi in rem.

■ An action in personam is said to be one which has for its object a judgment against the person, as distinguished from a judgment against property to determine its status. An action in personam is sometimes defined as a proceeding to enforce personal rights or obligations, which action is brought against the person. 1 AM. JUR.2d *Actions* § 39. Such definitions are of little or no value, and as much guidance could be furnished by defining an action in personam as one which is neither in rem nor quasi in rem. However, some guidance can be had from cases which classify particular actions. As far as suits for injunctive relief are concerned, it is well settled that an injunction acts in personam and not in rem. *American Institute of Real Estate Appraisers v. Hawk*, 436 S.W.2d 359 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). This is in keeping with the general rule that equitable remedies act in personam. *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973, 976 (1931). If the judgment in a proceeding can only be one that acts in personam, it is difficult to classify such a proceeding as a proceeding in rem or quasi in rem. Since an action for injunction is an action in personam, the pendency of the suit in federal court presents no reason for abating the proceedings in state courts. The fact that the

filed until March 19th, eight days after the order of dismissal was signed.

proceeding in this case involved the right to defendant to sell the property in his capacity as trustee does not transform the suit for injunction to an action in rem. 1 R. McDONALD, TEXAS CIVIL PRACTICE § 2.12—C (1981 rev. ed.). The fact that the equitable decree will indirectly affect title to or an interest in land does not preclude the characterization of the action as one in personam, where the remedy will be enforced against the person. *Cf. Dallas v. Wright,* 120 Tex. 190, 36 S.W.2d 973 (1931); 1 R. McDONALD, TEXAS CIVIL PRACTICE § 1.07.3 (1981 rev.). The Texas courts have held that a suit for specific performance of a contract to convey land is a suit in personam, despite the fact that TEX.REV.CIV.STAT.ANN. art. 2214 (Vernon 1971) provides that the decree itself operates to pass title without any act to be done by the party against whom judgment is rendered. *Banco Minero v. Ross,* 106 Tex. 522, 172 S.W. 711 (1915).

The question before us involves only the nature of the proceedings in the federal courts. Whether the state suit involved in this case was in personam or in rem is totally irrelevant in determining the nature of the federal proceedings. It may also be pointed out that since the foreclosure sale which defendant sought in the federal courts had already taken place, the federal proceedings were moot. Further, the bankruptcy court had refused to reassert its jurisdiction over the land here involved by denying plaintiff's request that the automatic stay under the Bankruptcy Code be reinstated.

Since the suits for injunctive relief in federal court did not affect the power of the state court to entertain plaintiff's suit, the trial court erred in dismissing such suit.

The judgment of the trial court is reversed and the cause is remanded to that court with instructions to restore the case to its docket as a pending suit.

TIJERINA, Justice, dissenting.

I respectfully dissent. The area of disagreement arises from the way we conceptualize and characterize the original proceeding filed in federal court, and the way we resolve the question of whether that first suit was an action *in personam* or an action *quasi in rem.* The majority is correct in its assessment that injunction proceedings are generally considered an action *in personam,* but there are exceptions to this rule which are applicable in this case. The injunctive relief sought in the first case filed in the United States Bankruptcy Court was filed in connection with a petition to modify the existing Bankruptcy Plan. The only objective of the injunctive relief sought was to stop the foreclosure of a lien on real property.

In this case the injunctive relief could not have been adjudicated without a determination of the parties' present interest to title and possession of the subject real estate. Questions concerning the nature of the suit are determined by the nature of the principal right asserted in plaintiff's petition and the relief for the breach thereof. *Brown v. Gulf Television Co.,* 157 Tex. 607, 306 S.W.2d 706, 708 (1957). The averments of fact must be read in connection with the prayer for relief. *White v. Texas Motor Car & Supply Co.,* 228 S.W. 138, 140 (Tex. Comm'n App.1921). An action for title and possession of realty must be tested by the allegations of fact in the petition *rather than by the form in which they are cast.* *Sanderson v. Sanderson,* 130 Tex. 264, 109 S.W.2d 744, 748 (Tex.Comm'n App.1937). The supreme court in *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774, 776 (1955), in a contract dispute over oil royalties stated:

> Where the trial court, as between the parties, must either locate a survey on the ground (by either surveying data or estoppel or both) in order to determine a dispute as to the amount of royalty due, or must determine that one party is estopped to deny a certain location, the suit is essentially one for the recovery of land and to quiet title within subdivision 14 Art. 1995, *even though cast as one for a declaratory judgment.* (Emphasis added.)

*Id.* 276 S.W.2d at 776.

In the instant case the ultimate issue was whether appellee had a *right to foreclose*

the lien on the subject real estate. This issue requires the trial court to inquire into the parties claims to title and possession of the real property. Appellants in their petition before the United States Bankruptcy Court prayed: "Movant would argue to this court that it would be grossly unfair and unjust for Guaranty Federal Savings & Loan Association and/or its assigns to be allowed *to proceed with its foreclosure proceedings at this time.*" In this pleading appellants conceded that the *bankruptcy court had exercised jurisdiction over the subject property* by an order permitting them to sell the property to Green Oaks Associates. Their problem was that the prospective buyer could not get the necessary financing. After the Bankruptcy Court denied the relief sought, appellants filed a suit in the United States District Court and pleaded as follows:

> Plaintiff is requesting this court issue a temporary restraining order restraining defendant Morris Cannan from *proceeding with the foreclosure sale on certain property owned by debtor,* more fully described in the attached exhibit 'B'.

Exhibit "B" is a metes and bounds description of the real property at issue. This application was also denied. Subsequently appellants filed the cause of action before us and essentially prayed for injunctive relief to stop the foreclosure sale of the property, and to stop any action which would disturb their peaceful possession. Attached to this petition was a metes and bounds description of the subject property.

The question to be determined, after considering appellants' pleading as a whole, is whether the nature of the principal right asserted essentially affected the status of the res. "Ordinarily the nature of a plaintiff's cause of action may be determined by his prayer for relief but courts are not limited thereto in determining the question." *W.B. Johnson Drilling Co. v. Lacy,* 336 S.W.2d 230, 234 (Tex.Civ.App.—Eastland 1960, no writ). A proceeding is *quasi in rem* when the direct object is to reach and dispose of or to adjudicate the title or status of property owned by the parties, or of some interest claimed by them and duly

put in issue by the allegations of the pleadings therein. 1 AM.JUR.2d *Actions* § 41 n. 20 (1962). The United States Supreme Court defined actions *quasi in rem* in *Freeman v. Alderson,* 119 U.S. 185, 7 S.Ct. 165, 30 L.Ed. 372, 373 (1886), stating:

> There is, however, a large class of cases which are not strictly actions *in rem,* but are frequently spoken of as actions *quasi in rem,* because, though brought against persons, they only seek to subject certain property of those persons to the discharge of the claims asserted. Such are actions in which property of nonresidents is attached and held for the discharge of debts due by them to citizens of the State, *and actions for the enforcement of mortgages and other liens. Indeed, all proceedings having for their sole object the sale or other disposition of the property* of the defendant; to satisfy the demands of the plaintiff, are in a general way thus designated. (Emphasis added.)

In the case at bar, appellants' pleading asserts a claim to title and possession of the real property at issue.

> [I]n a strict sense, a proceeding *in rem* is *one taken directly against property, and has for its object the disposition of property,* without reference to the title of individual claimants; but in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property. . . .

BLACK'S LAW DICTIONARY 938 (3d ed. 1933). In *Morris v. University of Texas,* 337 S.W.2d 169, 172–73 (Tex.Civ.App.—Austin 1960) *rev'd on other grounds,* 162 Tex. 60, 344 S.W.2d 426 (1961), the court, quoting from *Kline v. Burke Construction Co.,* 260 U.S. 226, 227, 43 S.Ct. 79, 80, 67 L.Ed. 226 (1922), reiterated the undisturbed rule in this regard:

> . . . a controversy over a *mere question of personal liability does not involve the possession or control of a thing,* and an action brought to enforce such a liability does not tend to impair or defeat

the jurisdiction of the court in which a prior action for the same cause is pending.

\* \* \* \* \* \*

The rule, therefore, that the court first acquiring jurisdictions shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist the rule does not apply. Since that necessity does exist in actions *in rem* and does not exist in action in personam, *involving a question of personal liability only,* the rule applies in the former but does not apply in the latter. (Emphasis added.)

*Id.* at 172–173.[1] A suit to foreclose a mortgage is considered an action *quasi in rem. See McCorkle v. Hamilton,* 150 S.W.2d 439, 442 (Tex.Civ.App.—Fort Worth 1941, writ ref'd). In *Roberts v. Carlisle,* 4 S.W.2d 144, 151 (Tex.Civ.App.—Dallas 1928, writ dism'd), the court determined that a suit to foreclose a lien on property was an action *quasi in rem,* saying:

> We are of the opinion that, though Minnie Belle Plummer has been personally served within the state, a judgment in personam could not have been rendered against her. A judgment based on the proceedings as instituted by defendant could not require the performance of anything at the hands of Minnie Belle Plummer that would invade any of her individual rights, but could only adjudicate the rights of defendant against the estate of F.G. Osborne, deceased, represented by the said Minnie Belle Plummer as executrix, establishing defendant's demand as a claim against said estate, and *foreclosing here statutory lien against the property of said estate....* (Emphasis added.)

The majority concludes that defendant did not file a plea in bar or request dismissal of plaintiffs' cause of action. However, the record clearly shows that motion to dissolve the temporary restraining order and the answer to plaintiffs' original petition did attack the jurisdiction of the court, based on the pendency of the prior suit in federal court.

Accordingly, the nature of the right asserted, and the direct object of the suit, essentially affected the status of the property at issue. The original suit filed in federal court constituted an action *quasi in rem* and the bankruptcy court had assumed jurisdiction of the res. *See Wilson v. Alliance Life Insurance Co.,* 108 F.2d 150, 152 (5th Cir.1939). Therefore, the trial court was without jurisdiction and correctly dismissed plaintiffs' cause of action. The judgment of the trial court should be affirmed.

---

**1.** Thus, the *Morris* court makes clear that actions *in personam* involve questions of personal liability only.