Brodhead v. National County Mut. Fire Ins. Co. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-545-CV





EUGENE A. BRODHEAD, RECEIVER OF NATIONAL


COUNTY MUTUAL FIRE INSURANCE COMPANY,


 APPELLANT


vs.





CALVIN DWAIN SMITH,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT,



NO. 480,820, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





PER CURIAM

 The issue in this cause is the proper interpretation of former section 12 of the Texas
Property and Casualty Insurance Guaranty Act, 1971 Tex. Gen. Laws, ch. 360, sec. 1, § 12, at
1368 (since amended and codified at Tex. Ins. Code Ann. art. 21.28-C (Supp. 1992)). The
district court interpreted the Act to allow recovery against the guaranty fund, and we will affirm.

 Calvin Dwain Smith, appellant, was injured in an automobile accident by a car
driven by Jerry Michael Babcock. Babcock was driving a car that belonged to Kenneth Brown. 
Smith successfully sued Babcock for negligence and Brown for negligent entrustment, and
obtained a total judgment for $60,000.00. Smith recovered $20,000.00 from his own
liability-insurance carrier for the negligence of an uninsured/underinsured driver and $20,000.00
from Babcock's liability insurance carrier. Smith unsuccessfully attempted to recover the
remaining $20,000.00 from the Receiver (1) for Brown's insolvent liability-insurance carrier,
National County Mutual Fire Insurance Company, and joined the Receiver to appeal the rejection
of Smith's proof of claim.

 The Receiver filed for declaratory relief and summary judgment, asserting that the
recoveries Smith obtained from his and Babcock's insurance carriers extinguished the guaranty
fund's liability under the Texas Property and Casualty Insurance Guaranty Act. The district court
denied the Receiver's motion for summary judgment, and Smith and the Receiver stipulated to all
necessary facts and requested that the district court render a final judgment so the Receiver could
appeal.

 In his first point of error the Receiver alleges that the district court erred in denying
his motion for summary judgment in light of the former provisions of the Texas Property and
Casualty Insurance Guaranty Act. At first blush this point of error appears meritless because a
party cannot appeal from the denial of a motion for summary judgment. E.g., Novak v. Stevens,
596 S.W.2d 848, 849 (Tex. 1980); Miers v. Brouse, 271 S.W.2d 419, 421 (Tex. 1954). The
parties, however, have stipulated to all relevant facts, and the district court has rendered a final
judgment in the cause. We will construe the Receiver's inartfully phrased point of error as
attacking the district court's rendition of judgment rather than denial of summary judgment. In
his second point of error the Receiver alleges that the district court erred in declaring that the
Texas Property and Casualty Fund was liable to make payment in satisfaction of the judgment
rendered in Smith's favor. We will consider both points together.

 The Receiver disputes neither that Smith has a valid claim against National County
Mutual Fire Insurance Company nor that Smith's claim qualifies as a covered claim under the Act. 
The only dispute is whether the offset provisions of former section 12 of the Act operate to reduce
Smith's $20,000.00 claim against the Receiver by the amount Smith has already collected,
$40,000.00, thus, reducing the covered claim to zero. (2)

 We have recently decided that former section 12 provides an offset to the Receiver
from the total judgment amount, not an offset from the covered claim. Durish v. Dancer, 819
S.W.2d 258 (Tex. App. 1991, writ denied). The Receiver acknowledges that the Dancer opinion
controls the disposition of this appeal, but he nonetheless urges the Court to reconsider that case
and overrule our previous opinion. After considering the Receiver's arguments we decline to
overrule Dancer. Points of error one and two are overruled.

 The judgment of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: July 1, 1992

[Do Not Publish]
1.   Stephen S. Durish was originally appointed receiver for National County Mutual
Fire Insurance Company, but Eugene A. Brodhead has since substituted for Durish.
2.   Former section 12 reads as follows:


 Any person having a claim against an insurer under
any provision in an insurance policy other than a policy of an
impaired insurer, which is also a covered claim, shall be
required to exhaust first his right under such policy. Any
amount payable on a covered claim under this Act shall be
reduced by the amount of any recovery under such insurance
policy.


Texas Property and Casualty Insurance Guaranty Act, 1971 Tex. Gen. Laws, ch. 360,
sec. 1, § 12, at 1368 (since amended and codified at Tex. Ins. Code Ann. art. 21.28-C
(Supp. 1992)).