TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00012-CV






Daniel E. Bodine, Cyril N. Burke, Walter B. Chmielewski, O. B. Fowler, Jr., Sally A.


Gurley, William R. Heyduck, J. F. Louther, Doug Mahan, Richard J. McAvoy,


Royce G. Ogden, Garold J. Penniston, Robert L. Reeves, Larry Dowell


Scarborough, and J. Cal Courtney, Jr., Appellants



v.



Jack M. Webb, Special Deputy Receiver Under Contract to the Commissioner of Insurance


as Permanent Receiver of Employers Casualty Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 92-02133, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING






 This is an interlocutory appeal in which appellants, Daniel E. Bodine, Cyril N.
Burke, Walter B. Chmielewski, O. B. Fowler, Jr., Sally A. Gurley, William R. Heyduck, J. F.
Louther, Doug Mahan, Richard J. McAvoy, Royce G. Ogden, Garold J. Penniston, Robert L.
Reeves, Larry Dowell Scarborough, and their attorney, J. Cal Courtney, Jr., challenge the state
district court's temporary injunction prohibiting them from pursuing a federal lawsuit. We will
vacate the temporary injunction.


STATEMENT OF FACTS


 At the center of this action and the federal lawsuit is the retirement plan of
Employers Casualty Company ("ECC"), an insurance company organized under the laws of
Texas, and its affiliates. The plan is known as the TEECCO Employee Retirement Plan. 
Appellants, former ECC employees, allege ECC agreed to pay enhanced retirement benefits to
plan participants whose jobs were terminated in workforce reductions between October 1, 1990
and December 31, 1993.

 ECC's financial difficulties caused the state district court to appoint the state
commissioner of insurance as permanent receiver and Jack M. Webb as special deputy receiver
for ECC. The court rendered a permanent injunction barring appellants and others from bringing
claims against ECC or the receiver outside of the receivership proceedings. (1)

 Despite the permanent injunction, appellants (2) filed suit in federal district court,
invoking jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"). 
See 29 U.S.C.A. §§ 1001-1461 (West 1985 & Supp. 1998). In the federal suit, they allege
mismanagement of their retirement benefit plan by many defendants, including Webb, the appellee
here. The appellants accuse certain defendants (3) of breaching their fiduciary duty to administer the
plan by failing to classify appellants as employees terminated before December 31, 1993 in
connection with a reduction in workforce. Appellants allege that defendants breached their
fiduciary duties by violating anti-cutback laws. See 29 U.S.C.A. § 1054(g). They finally
complain that defendants, by not classifying appellants as workforce-reduction victims,
impermissibly discriminated against them under ERISA. The remedies appellants request include
refunding of the plan by those who damaged it, a recalculation of benefits to include enhanced
benefits, imposition of a constructive trust on plan assets, and allocation of plan assets as if
appellants had been classified as workforce-reduction victims.

 Upon being served in the federal action, Webb sought in state district court a
temporary injunction and an order enforcing the permanent injunction the state court had issued
at the commencement of the receivership proceeding. The state district court issued a temporary
injunction enjoining the appellants from pursuing their federal lawsuit.


STANDARD OF REVIEW

 The sole issue presented to this Court is whether the state district court clearly
abused its discretion in granting the temporary injunction prohibiting appellants from proceeding
with their federal lawsuit. See Transport Co. v. Robertson Transp., Inc., 261 S.W.2d 549, 552
(Tex. 1953). A district court abuses its discretion if it acts arbitrarily, unreasonably, or without
reference to guiding rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).

 The critical factor in this case is the nature of the federal suit. The nature of a suit
is a question of law for the court to determine solely from the facts alleged in the petition, the
principal rights asserted, and the relief sought. See Zellen v. Second New Haven Bank, 454
F.Supp. 1359, 1362 (D.Conn. 1978); South Padre Dev. Co. v. Texas Commerce Bank, N.A., 538
S.W.2d 475, 480 (Tex. Civ. App.--Corpus Christi 1976, no writ).


DISCUSSION

 The parties concur that this appeal turns on whether the federal action is classified
as in rem, quasi in rem, or in personam. The classification of the federal suit determines whether
the state court may enjoin the parties from pursuing it. When federal and state courts have
pending before them actions whose subject is the same res which each court must control and
dispose of in order to make its relief effective, the court first assuming jurisdiction over the
property may maintain and exercise that jurisdiction to the exclusion of the other. See Penn Gen.
Cas. Co. v. Pennsylvania, 294 U.S. 189, 195-96 (1935). Thus, a state court can enjoin parties
from pursuing in rem or quasi in rem proceedings in federal court. See Donovan v. City of
Dallas, 377 U.S. 408, 412 (1964). A state court cannot, however, enjoin a federal in personam
action. See id. at 413; Ex parte Evans, 939 S.W.2d 142, 143 (Tex. 1997); see generally Ralph
E. Clark, A Treatise on the Law and Practice of Receivers § 625.3 (3d ed. 1959).

 Certain features distinguish actions in rem from actions in personam. An in rem
action is a proceeding or action instituted directly against a thing, an action taken directly against
property, or an action that is brought to enforce a right in the thing itself. See Stephenson v.
Walker, 593 S.W.2d 846, 849 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ). A quasi in
rem proceeding is an action between parties where the object is to reach and dispose of property
owned by them or of some interest therein. See Citizens Nat'l Bank v. Cattleman's Prod. Credit
Ass'n, 617 S.W.2d 731, 737 (Tex. Civ. App.--Waco 1981, no writ). While an in rem action
affects the interests of all persons in the world in the thing, a quasi in rem action affects only the
interests of particular persons in the thing. See Green Oak Apts., Ltd. v. Cannan, 696 S.W.2d
415, 418 (Tex. App.--San Antonio 1985, no writ). The effect of a judgment in both cases,
though, is limited to the property that supports jurisdiction and does not impose a personal liability
on the property owner. See Shaffer v. Heitner, 433 U.S. 186, 199 (1976). An action in personam
is sometimes defined as a proceeding brought against a person to enforce personal rights or
obligations. See Cannan, 696 S.W.2d at 418. The object of an in personam action is a judgment
against the person, rather than a judgment against property to determine its status. Id.

 Although the matter before us requires a fine distinction, we conclude that
appellants' federal lawsuit is an in personam action. Appellants allege in the federal suit that the
defendants' mismanagement of the plan wrongfully denied them enhanced benefits. They allege
a violation of ERISA's anti-discrimination policy and breach of fiduciary duties both in
administering the plan and in violating the federal anti-cutback laws. Appellants' federal lawsuit
is not directly against the receivership property. Rather, it is brought to secure a judgment against
defendants that they mismanaged the plan.

 The receiver argues that the federal lawsuit is in rem because appellants seek to
impose a constructive trust on all plan assets. However, the appellants also seek restoration of the
plan by those who breached their duties and an order that correctly calculates the benefits due
under the plan. The relief sought thus may extend beyond the receivership property to individuals'
assets, further indicating that the federal suit is in personam. See Shaffer, 433 U.S. at 199. The
federal court will not need to acquire control and possession of the receivership property in order
to determine if the defendants breached their fiduciary duties or illegally discriminated against
appellants. To the extent that the remedy appellants seek does not interfere with the state court's
constructive possession of the res, the federal court would have the ability to grant relief. See
Markham v. Allen, 326 U.S. 490 (1946). Consequently, we hold that the federal lawsuit is an in
personam action, and the state district court was without power to issue the injunction.

 We are further persuaded that the state district court abused its discretion by
enjoining appellants' federal lawsuit because it appears that the federal court has exclusive
jurisdiction over the claims appellants filed in federal court. Because this is a question of
jurisdiction rather than merely preemption of applicable law, we can and must consider it on
appeal. See Gorman v. Life Ins. Co. of N. Am., 811 S.W.2d 542, 547 (Tex.), cert. denied, 502
U.S. 824 (1991). To enjoin a federal suit, a state court must have jurisdiction at least concurrent
with the federal court. See Penn Gen., 294 U.S. at 196; see generally 42 Am. Jur. 2d Injunctions
§ 228 (1969) (when state court and court of United States may each take jurisdiction of a matter,
tribunal whose jurisdiction first attaches holds it to exclusion of other) (emphasis added). Most
ERISA suits are within the exclusive jurisdiction of the federal courts. See 29 U.S.C.A. § 1132(e)
(West Supp. 1998); see also Gorman, 811 S.W.2d at 545. ERISA allows state courts concurrent
jurisdiction over suits by beneficiaries: (1) to recover benefits due under the terms of the plan;
(2) to enforce rights under the plan; or (3) to clarify rights to future benefits. 29 U.S.C.A.
§ 1132(a)(1)(B) (West 1985); see Gorman, 811 S.W.2d at 545. Appellants' claim for breach of
fiduciary duty relating to the administration of an ERISA plan falls within the exclusive
jurisdiction of the federal courts. See Old Sec. Life Ins. v. Continental Ill. Nat'l Bank & Trust
Co., 740 F.2d 1384, 1395 (7th Cir. 1984); Gorman, 811 S.W.2d at 547. The claim for violation
of ERISA's anti-discrimination policy amounts to a claim of improper handling of the plan, and
therefore does not fall within a concurrent jurisdiction category. See 29 U.S.C.A. § 1132(e)(1)
(West Supp. 1998); see also Manahan v. Meyer, 862 S.W.2d 130, 134 (Tex. App.--Houston [1st
Dist.] 1993, writ denied). Because the federal court has exclusive jurisdiction over appellants'
claims, the state court cannot enjoin appellants from proceeding in federal court. (4)

 By supplemental brief, appellees contend that the McCarran-Ferguson Act permits
the state receivership statute to preempt ERISA regulation. See 15 U.S.C.A. § 1012(b) (West
1997). The Act provides in relevant part, "No Act of Congress shall be construed to invalidate,
impair, or supersede any law enacted by any State for the purpose of regulating the business of
insurance . . . unless such Act specifically relates to the business of insurance." Id. The Fifth
Circuit has a three-part test for McCarran-Ferguson reverse preemption. Munich Am. Reinsurance
Co. v. Crawford, 141 F.3d 585, 590 (5th Cir.), cert. denied, 142 L. Ed. 3d (1998). The state
statute has priority over the federal statute only if "(1) the federal statute does not specifically
relate to the 'business of insurance,' (2) the state law was enacted for the 'purpose of regulating
the business of insurance,' and (3) the federal statute operates to 'invalidate, impair, or supersede'
the state law." Id. In Munich, the Fifth Circuit held that, because the Federal Arbitration Act did
not specifically relate to the business of insurance, Oklahoma receivership laws governing the
liquidation of an insolvent insurance company preempted the arbitration act and required dismissal
of a federal-court suit to compel arbitration of an insurance settlement dispute. Id. at 594. In that
case, however, there was "no question that the [Federal Arbitration Act] does not relate
specifically to the business of insurance." Id. at 591. Here, the applicable federal law is instead
ERISA.

 We conclude that McCarran-Ferguson reverse preemption does not apply in this
case. We note first that McCarran-Ferguson reverse preemption appears superfluous in this case
because ERISA itself provides that it does not "exempt or relieve any person from any law of any
State which regulates insurance." 29 U.S.C.A. § 1144(b)(2)(A) (West 1988). Furthermore,
ERISA by its own terms supersedes "any and all State laws insofar as they may now or hereafter
relate to any employee benefit plan." 29 U.S.C.A. § 1144(a) (West 1985). Once again, we must
examine the nature of the federal case--is it about insurance or the employee benefit plan? We
conclude that the federal case is about the benefit plan; the fact that the benefit plan at issue
happens to belong to an insurance company does not vitiate the strongly expressed federal interest
in protecting pension beneficiaries. Based on the record before us, neither McCarran-Ferguson
nor ERISA's own reverse preemption applies.

 Because ERISA preemption applies, its jurisdictional provisions apply. As
discussed above, ERISA provides for exclusive jurisdiction by the federal courts over the in
personam type of claims appellants brought in federal court. The state district court abused its
discretion by enjoining the federal suit.


CONCLUSION


 We sustain appellants' sole point of error and vacate the temporary injunction. This
disposition does not alter the original permanent injunction on which the temporary injunction was
based.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Temporary Injunction Vacated

Filed: May 6, 1999

Publish

1. The order appointing the permanent receiver also included a permanent injunction, which,
in part pertinent to this appeal, enjoined employees of ECC from


[i]nterfering in any way, with these proceedings or the lawful acts of the Permanent
Receiver or his designees, and from commencing, or prosecuting any action or
appeal or arbitration . . . against [ECC] or against its property . . . except by doing
so in the receivership proceedings herein, and from asserting any claims against
[ECC] or against the Permanent Receiver thereof, except through these receivership
proceedings.
2. All appellants except attorney Courtney were ECC employees and are plaintiffs in the
federal court action. For simplicity, we will refer to "appellants" when discussing the federal
court action, with the understanding that Courtney is not included.
3. The defendants not accused under this count are Prudential Insurance Company of America,
Hartford Insurance Company, Robert Loiseau, Dan Heiman, Jon Nogarede, and Webb.
4. Whether the federal court has exclusive jurisdiction over the ERISA claims does not affect
the state district court's jurisdiction over the receivership proceeding.


d, 142 L. Ed. 3d (1998). The state
statute has priority over the federal statute only if "(1) the federal statute does not specifically
relate to the 'business of insurance,' (2) the state law was enacted for the 'purpose of regulating
the business of insurance,' and (3) the federal statute operates to 'invalidate, impair, or supersede'
the state law." Id. In Munich, the Fifth Circuit held that, because the Federal Arbitration Act did
not specifically relate to the business of insurance, Oklahoma receivership laws governing the
liquidation of an insolvent insurance company preempted the arbitration act and required dismissal
of a federal-court suit to compel arbitration of an insurance settlement dispute. Id. at 594. In that
case, however, there was "no question that the [Federal Arbitration Act] does not relate
specifically to the business of insurance." Id. at 591. Here, the applicable federal law is instead
ERISA.

 We conclude that McCarran-Ferguson reverse preemption does not apply in this
case. We note first that McCarran-Ferguson reverse preemption appears superfluous in this case
because ERISA itself provides that it does not "exempt or relieve any person from any law of any
State which regulates insurance." 29 U.S.C.A. § 1144(b)(2)(A) (West 1988). Furthermore,
ERISA by its own terms supersedes "any and all State laws insofar as they may now or hereafter
relate to any employee benefit plan." 29 U.S.C.A. § 1144(a) (West 1985). Once again, we must
examine the nature of the federal case--is it about insurance or the employee benefit plan? We
conclude that the federal case is about the benefit plan; the fact that the benefit plan at issue
happens to belong to an insurance company does not vitiate the strongly expressed federal interest
in protecting pension beneficiaries. Based on the record before us, neither McCarran-Ferguson
nor ERISA's own reverse preemption applies.

 Because ERISA preemption applies, its jurisdictional provisions apply. As
discussed above, ERISA provides for exclusive jurisdiction by the federal courts over the in
personam type of claims appellants brought in federal court. The state district court abused its
discretion by enjoining the federal suit.


CONCLUSION


 We sustain appellants' sole point of error and vacate the temporary injunction. This
disposition does not alter the original permanent injunction on which the temporary injunction was
based.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Temporary Injunction Vacated

Filed: May 6, 1999

Publish

1. The order appointing the permanent receiver also included a permanent injunction, which,
in part pertinent to this appeal, enjoined employees of ECC from


[i]nterfering in any way, with these proceedings or the lawful acts of the Permanent
Receiver or his designees, and from commencing, or prosecuting any action or
appeal or arbitration . . . against [ECC] or against its property . . . except by doing
so in the receivership proceedings herein, and from asserting any claims against
[ECC] or against the Permanent Receiver thereof, except through these receivership
proceedings.
2. All appellants except attorney Courtney were ECC emp