Birohard, C. J.
The error first assigned, presents for our consideration the question whether case for nuisance can be maintained in this State, the property injured lying wholly within the jurisdiction of the Courts of the State, but where the acts causing the injury complained of were done wholly without the jurisdiction, and in another State. The actions of trespass and trespass on the case for injuries to land, are local and in all cases where the act done and the injury sustained are wholly in a foreign jurisdiction, the place of the injury is the place of the trial. This doctrine is universally recognized as a rule of the common law; Watt v. Kinney, 23 Wendall, 484; 4 T. R. 503. It was sustained by Chief Justice Marshall after a full
*493 . examination in Livingston v. Jefferson, 4 Hall, 78. The action in that case was for a trespass upon lands in New and was brought in Virginia. It was dismissed for want of jurisdiction. Judge Story affirms the doctrine in his conflict of laws, sec. 554. “ Real actions must be brought in the forum rei sitae; and mixed actions are properly referrible to the same jurisdiction.” The position has been presented by plaintiff’s counsel as conclusive of the case upon the first assignment of error. We have not so considered the law. The act was done in Pennsylvania, the injury which was occasioned by that act, was sustained in Ohio. In such a case it is believed the suit would well lie in either State. “ When an injury has been caused by an act done in one county, to land, &c., situated in another, the venue may be laid in either; ” 1 Chitty PI. 299, and cases referred to.
Our next inquiry is, whether the Court erred in refusing the instructions requested by plaintiff, and the instructions given adversely thereto. The injury complained of in the declaration is, that the mill was rendered less useful for want of the water which had been wrongfully diverted, and became much injured and deteriorated in value. The Court instructed the jury that the owner of the mill might recover for the injury sustained by the diminution in value of the mill-site, consequent upon the diversion of the water. This was going too far. Supposing the party liable at all, he was only liable, under any -form of declaration, for the damages actually sustained prior to the commencement of the suit. For the permanent injury to the realty, or rather the prospective injury, the party had made no claim in his declaration. He could not legally recover damages which he had not claimed. His recovery should be according to his proof and allegations. Under the charge as given, a jury would have been justified in finding damages equal to all the injury the premises would ever sustain, supposing the nuisance were to continue forever, which would be clearly wrong. For this error the judgment must be reversed.
*494 The remaining assignments raise-a question of considerable ’ interest', and .one upon which we are not willing to commit ourselves without a full investigation, aided by counsel.
It is this: How far can one acquire a right to the water accumulating in the swamp lands of another, and at what point may he interfere to prevent the owner from draining and improving such lands ?. The instructions asked, presuppose that the facts of the case were such that the jury might have found that the diversion of water complained of, was of such only as filtered through a bank into the stream passing the mill of defendant in error, and that the act of diversion, the digging of ditches, &c., were wholly on the land of the plaintiff, done under a claim of right,- and for the laudable purpose of improving the quality of his farm. He claimed that he had a legal right to do the act, and requested the Court so to instruct the jury. The question is, was he bound to surrender up the use of his land in order that the defendant might have the use of the water that would in a state of nature collect upon it and filter into the defendant’s mill stream ? In cases when waters have collected into a running stream, the rights of the riparion owner are well settled. No one above or below him can use or divert it to his prejudice. . The owner of land through which the stream flows must so use and apply the water, as to work no material injury to his neighbor below him who has an equal right to the use of the water; 3 Kent’s Com. 354. But the draining of a swamp upon one’s own land, whereby filtration into a running stream is destroyed and the volume of water thus diminished, may perhaps present a case to which the maxim “de minimis non curat lex” is strictly applicable. With these suggestions we leave the point to await the time when its determination shall become necessary to the decision of a cause.