L. R. MORRIS V. THE MISSOURI PACIFIC RAILWAY COMPANY.

No. 6363.

1.   Actions, Local and Transitory—Definitions.—If the cause of action be one that might have arisen anywhere, then it is transitory. If it could only have arisen in one place, then it is local. · As for example, an action of trespass to the person or for the conversion of goods is transitory. But an action for flooding particular lands is local, because the land can only be flooded where it is situated. For the most part the local actions consist of those instituted for the recovery of real estate, or for injuries thereto, or for easements. Cooley on Torts, 471.

2.   Local Actions—Jurisdiction.—That actions for trespass on lands in a foreign country can not be sustained is settled law in England and in this country.

3.   Litigation Between Nonresidents—Comity.—If the cause of action should be in part transitory, it has been held in such actions, where the parties are nonresidents and the cause of action originated beyond the limits of the State, such facts would justify the court in refusing to entertain jurisdiction. Jurisdiction in such cases is entertained upon principles of comity and not as a matter of right. 61 Texas, 432; 68 Texas, 375; 71 Texas, 660.

4.   Citizens of the Indian Nation.—The complicated condition of the treaties and statutes of the United States relating to the tribes in the Indian Nation, their rights and manner of enforcing them, afford good reason for the Texas courts to refuse to entertain this action.

APPEAL from Grayson.   Tried below before Hon. D. H. Scott.
The opinion contains a statement.

*Hare, Edmundson & Hare,* for appellant. — 1.   The appellee was not improperly sued in the courts of Grayson County for an injury done to lands lying beyond the limits of Texas. Armendiaz v. Stillman, 54 Texas, 623; Armendiaz v. Stillman, 67 Texas, 458.

2.   Even if it be good law that the courts of Texas have no jurisdiction over so much of appellant's claim as related to the injury done the pasture lands lying in another jurisdiction, the demurrer was improperly sustained.   Willis v. Railway, 61 Texas, 432; Rorer on Interstate Law, pp. 154, 155.

3.   Our courts being open even to the veriest savage, they are none the less open to the members of the Choctaw tribe of Indians, especially to adopted members, who are also citizens of the United States.

*R. C. Foster* and *A. E. Wilkinson,* for appellee. — Plaintiff sued to recover damages for injuries to certain real property in the Choctaw Nation, Indian Territory, alleged to have been caused by defendant's negligence in communicating fire thereto.   Plaintiff's rights to the property were held by virtue of his membership in the Choctaw tribe of Indians acquired by marriage with an Indian.   Plaintiff resided in the Choctaw Nation and defendant was a Missouri corporation, having an office and agent in the county where the suit was commenced.

Defendant interposed a demurrer in the nature of a plea to the jurisdiction on the grounds, first, that the cause of action was local and not within the jurisdiction of the Texas courts; and second, that the enforcement of the rights of plaintiff as a member of the Choctaw tribe of Indians was within the exclusive jurisdiction of the Federal government, and not cognizable in the courts of Texas. The demurrer being sustained, plaintiff has assigned the ruling as error and asserts, in substance, the following propositions:

"1.   Suit lies in Texas courts in favor of a nonresident against a nonresident served here for injury to lands outside of the State.

"2.   Damages resulting from negligent burning of plaintiff's premises are transitory and actionable here so far as they embrace only expenses, as of gathering cattle or fighting fire, caused by the injury to the premises, as distinguished from injury to the premises.

"3.   Members of the Indian tribes resident in the Indian Territory can sue in the courts of Texas for redress of injuries to property rights enjoyed by them as members of such tribes."

Each of these propositions is controverted by appellee, and upon them we cite the following authorities:

On first proposition.   Rev. Stats., art. 9; Pelham v. Murray, 64 Texas, 477; Rorer's Interstate Law, 140, and authorities; Whart. on Confl. of Laws, sec. 711; Story's Confl. of Laws, secs. 543–554; 1 Chitty's Plead., 271; Cool on Torts, 471; McKenna v. Fiske, 1 How., 247–249; Livingston v. Jefferson; 1 Brock., 203; Rafael v. Verelst, 2 W. Black., 1055; Doulson v. Matthews, 4 Term R., 503; Mostyn v. Fabrigas, Cowp., 161; 1 Smith's Lead. Cases, 340; Worster v. Lake Co., 25 N. H., 525.   Some of the authorities cited and discussed under the third proposition may also have a bearing upon this one.

On second proposition.   Pelham v. Murray, 64 Texas, 477; Cool. on Torts, 471; 1 Chitty's Plead., 271.

On third proposition.   Rev. Stats., art. 9; Treaty with Choctaw Nation, Sept. 27, 1830, art. 7, 7 U. S. Stats. at Large, p. 334; Treaty with Choctaws and Chickasaws, June 23, 1855, art. 14, Laws and Treaties of Choctaw Nation, p. 27; Treaty with Choctaws and Chickasaws, April 28, 1866, arts. 6, 38; Rev. Stats. U. S., secs. 463, 466, 1839, 1840, 1992, 2103, 2116, 2117, 2118, 2128, 2147, 2149, 2120, 2156; Elk v. Wilkins, 112 U. S., 94; 2 Story on Const., 3, 47, *et seq.;* Worcester v. Georgia, 10 Curtis, 240–242; Goodell v. Jackson, 20 Johns., 693; Gardner v. Thomas, 14 Johns., 134; Wells on Juris., p. 110, sec. 115; Railway v. Miller, 19 Mich., 305; De Witt v. Buchanan, 54 Barb., 32; 1 Rorer on Rys., 85; Morse on Citizenship, 132, 161, 237, 248.

HOBBY, JUDGE.—The plaintiff in the court below, who is the appellant here, instituted this action for the recovery of damages for injuries

to certain real property in the Choctaw Nation of the Indian Territory, which he alleged was caused by defendant's negligence in permitting fire to be communicated thereto. Plaintiff's rights in the property grow out of the fact that he had acquired by marriage with an Indian woman membership in the said Choctaw tribe. Plaintiff resided in said Nation, and defendant is a Missouri corporation, having an office and agent in the county where this suit was brought.

The allegations were that under the laws of the Choctaw Nation now in force and in force at the time of said fire plaintiff by marrying into said tribe became a member thereof without relinquishing his rights as a citizen of the United States. That under the laws of said Nation marriage with a member of said tribe conferred upon the person so marrying all rights possessed and enjoyed by other members thereof. That under the laws of said Nation and treaties with the United States no member of said tribe or other person can own lands lying in said Choctaw Nation, but under the laws of said Nation any member thereof, whether native born or acquiring membership by marriage, might fence and enclose all the lands he might desire, and all lands so fenced and enclosed immediately become subject to the exclusive beneficial possession and occupancy of the person so enclosing, with privilege to transfer the possession and occupancy by sale, gift, or devise. That the lands mentioned were fenced and enclosed as a pasture by plaintiff after his adoption into said tribe, and that by so fencing, enclosing, and occupying the same he became entitled to the exclusive beneficial occupancy and enjoyment thereof.

He claimed damages against defendant in the sum of about $6000 for injury by fire from defective engine in the Choctaw Nation to property of which plaintiff was under the laws of said Nation entitled to the exclusive beneficial use and possession; the damage by fire being as follows: 1000 acres of growing grass of the value of $5 per acre, the grass on the ground being worth $2 per acre, and the damage to said grass for future use during the time that plaintiff would have been entitled to the same being $3 per acre; posts destroyed, $17.20; amount paid hands for fighting the fire, $21; amount paid for gathering cattle that had been scattered by the fire, $501. In the aggregate, $5539.20.

Defendant interposed a demurrer in the nature of a plea to the jurisdiction on the ground that the cause of action was local and not within the jurisdiction of the Texas courts; and second, that the enforcement of the rights of plaintiff as a member of the Choctaw tribe of Indians was within the exclusive jurisdiction of the Federal government and not cognizable in the courts of Texas. This demurrer being sustained, plaintiff has assigned the ruling as error and asserts in substance the following propositions:

"That a suit lies in the Texas courts in favor of a nonresident against a nonresident corporation having an office and agent in the county of the suit for injury to lands beyond the limits of the State. That damages

resulting from negligent burning of plaintiff's premises are transitory and actionable here so far as they embrace only expenses, as of gathering cattle or fighting fire, caused by the injury to the premises, as distinguished from injury to the premises.    That members of the Indian tribes resident in the Indian Territory can sue in the courts of Texas for redress of injuries to property rights enjoyed by them as members of·such tribes."

Each of these propositions is controverted by appellee.

If the action brought by the plaintiff is of that class known as local actions the well established doctrine is that it must be brought in the county where the right of action accrued.    The briefest as well as the clearest distinction between this class and transitory actions is thus stated:    "If the cause of action be one that might have arisen anywhere, then it is transitory.  If it could only have arisen in one place, then it is local.  As, for example, an action of trespass to the person or for the conversion of goods is transitory.·  But an action for flooding particular lands is local, because the land can only be flooded where it is situated.    For the most part the local actions consist of those instituted for the recovery of real estate, or for injuries thereto, or for easements."    Cool. on Torts, 471.

That actions for trespass on lands in a foreign country can not be sustained is settled law in England and in this country.  Cool. on Torts, 471.

The decision of Chief Justice Marshall, in Livingston v. Jefferson, 1 Brockenbrough, 203, upon this question appears to have been followed in numerous cases.    See Cool. on Torts, 471, note 5.    The action was for damage for trespass upon land, charged to have been committed in Louisiana, brought in Virginia.    It was held that it could not be maintained, because the damage and the act causing it occurred beyond the jurisdiction of the court in which the suit was brought.    Such is the case before us.

The only case to which we have been referred as questioning the authority of the foregoing doctrine is that of Armendiaz v. Stillman, 54 Texas, 627.    While there may be expressions in the opinion in that case which would give force to the contention of appellant that it is decisive of this case, we do not understand it to decide the question here raised.    There is an entire absence of analogy between the case last cited and the present in several essential features.

In the former case the question was rather one of venue than jurisdiction.    The parties were residents of Cameron County, in which the suit was brought.    In the present case the plaintiff is a resident and member of the Choctaw Nation, in the Indian Territory (having under the laws · of the Nation become a member of the tribe by reason of his marriage with an Indian woman), and the defendant is a foreign corporation; both, therefore, being nonresidents.

In the case cited the act resulting in the injury to the land was committed by the defendant in Cameron County within the court's jurisdiction.    In accord with this decision will be found Rundle v. Canal, 1

Wallace, Jr., 275, where it was held that if a wrongful act committed in one State injure real property in another, action for damages may be brought in the former.   So in Thayer v. Brooks, 17 Ohio State, 489, an action was sustained for diversion of water in Pennsylvania resulting in injury to land in Ohio.

In the case under discussion the alleged negligence causing the damage was committed beyond the limits of the State.   In Armendiaz v. Stillman, *supra,* the suit could have been brought alone under the eighth section of article 1198 regulating the venue of suits, which authorized a suit in any county where a trespass was committed affording a cause of action for damages.   In that case the fact that the plaintiff was a citizen of Texas, and as such was guaranteed a remedy through the agency of the judicial tribunals of his State by organic law, was an important reason against the interpretation of article 1198 as denying him a remedy for an injury done him in this State with respect to his property.

And the legislative department in affording this protection to the citizen by statutory provisions as to venue would not be restricted by the technical rules of the common law distinguishing between transitory and local actions.   But the statute applies to such causes of action necessarily as arise within the territory legislated for, and can not be construed as having any reference to resident citizens of a foreign country or State, or to any cause of action arising in such State or country.   Hence it is that Armendiaz v. Stillman, *supra,* can not, we think, have any application to the case disclosed by the record before us.

It is claimed that if the injury to the land was a local action, still under plaintiff's allegation to the effect that his fence was destroyed and a large number of his cattle scattered, etc., subjecting him to expense in gathering them, the action would be transitory, and therefore the court would take jurisdiction.   We do not think the facts alleged show the action to be transitory.   But if so, it has been held in such actions where the parties were nonresidents and the cause of action originated beyond the limits of the State, these facts would justify the court in refusing to entertain jurisdiction.   Railway v. Miller, 19 Mich., 305.   Jurisdiction is entertained in such cases only upon principles of comity, and not as a matter of right. Gardner v. Thomas, 14 Johns., 136; Wells on Jur., sec. 115.

In the present case there are obvious reasons against the exercise and extension of this comity in the assumption of jurisdiction of a suit by a member of the Choctaw Nation against a nonresident corporation for damages inflicted as alleged in the Indian Territory.

From an examination of the United States Statutes at Large, volume 7, page 333, it appears that a treaty of friendship, cession, and limits was entered into with that nation by the United States on the 15th September, 1830, at Dancing Rabbit Creek.   The lands now occupied by them were then acquired, and are held in common by the tribe, each member

having an equal undivided interest, and has a complete right of possession and enjoyment. Members only of the tribe can acquire rights in these lands, and by section 2116, United States Revised Statutes, they can not be alienated. Plaintiff's right was acquired by virtue of his marriage into the tribe, under the treaty of April 28, 1886, by which he became a member. By the Revised Statutes of the United States, article 463, the Commissioner of Indian Affairs is invested with the power, under the direction of the Interior Department, over and has entire management of all Indian affairs and of all matters arising out of Indian relations.

Whether the treaty and statutes cited would have the effect to vest exclusive jurisdiction in the Federal government in a case like the present, or would exclude the exercise of jurisdiction by the State courts, it is not necessary to determine. But we think they sufficiently indicate the impolicy of entertaining jurisdiction of this suit upon principles of comity even if any part of the act resulting in injury to the land in the Indian Territory could be so separated from it as to afford an independent, distinct cause of action and possess also the characteristics of a transitory action.

For the reasons given we think the judgment should be affirmed.

*Affirmed.*

Adopted June 17, 1890.