SMITH et al. v. EMPIRE STATE–IDAHO MINING & DEVELOPMENT CO.

(Circuit Court, D. Washington, E. D. January 13, 1904.)

No. 1,081.

1. MASTER AND SERVANT—DEATH OF SERVANT—ACTIONS—NATURE—JURISDICTION.

An action to recover damages against a master for the death of a servant while in the course of his employment by the master's alleged negligence is a transitory action to enforce a personal liability, which may be litigated in a state other than that in which the accident occurred.

2. SAME—FOREIGN CORPORATIONS—PROCESS—SERVICE.

1 Ballinger's Ann. Codes & St. Wash. § 4293, requires that foreign corporations, as a condition to their right to do business in Washington, shall maintain resident agents authorized to accept service of process in any action or suit pertaining to the property, business, or transactions of such a corporation within the state in which such corporation may be a party; and 2 Ballinger's Ann. Codes & St. Wash. § 4875, provides that, in a civil action against a foreign corporation doing business in the state, the summons may be served on its secretary. Held that, where a foreign corporation transacting a mining business in Idaho maintained its principal office in Washington, it was subject to process in an action brought in the state courts of Washington to recover for the death of a servant in Idaho.

3. SAME—SERVICE—SECRETARY—DUE PROCESS OF LAW.

Service of process on the secretary of a foreign corporation maintaining its principal place of business in Washington, as authorized by 2 Ballinger's Ann. Codes & St. Wash. § 4875, is a sufficient service to constitute due process of law.

Action at law by the widow and daughter of a man killed while working in a mine in Idaho against a New York corporation engaged in operating the mine, on the ground of alleged negligence on the part of the employer. Heard on motion to dismiss for want of jurisdiction. Motion denied.

L. O. Whitsell and Robertson Miller Rosenhaupt, for plaintiffs.
Graves & Graves, for defendant.

HANFORD, District Judge. By the record in this case it appears that the plaintiffs are citizens of the state of Idaho, residing in said state at the time of commencing this action, and the defendant is a corporation organized and existing under the laws of the state of New York, engaged in operating a mine in the state of Idaho, and has its principal office and place of business in the city of Spokane, in the state of Washington. The action is to recover damages for the death of John Smith, resulting from an accidental injury while he was working as an employé of the defendant in the mine referred to in the state of Idaho, and it was commenced in the superior court of the state of Washington, for Spokane county, by the service in Spokane county, in this state, of a summons and copy of the complaint upon the secretary of the defendant corporation. Preliminary to commencing the action, one of the attorneys for the plaintiffs filed an affidavit in the superior court showing that Ora Smith, one of the plaintiffs, is an infant, and obtained an order appointing J. I. Seward, a citizen of the state of Washington, guardian ad litem for her. The case was removed into this court by the filing of a petition and bond on behalf of the defendant, and at the time of filing said petition and bond the defendant filed a motion in the superior court to dismiss the action on the ground that the court in which the action was commenced did not have jurisdiction, for the reasons "that the cause of action arose in the state of Idaho, and not in the state of Washington; that the business out of which the cause of action arose was being transacted and conducted in the state of Idaho, and not in the state of Washington, and both plaintiffs and defendant are nonresidents of the state of Washington." Said motion to dismiss is in writing, and recites that the defendant appeared specially for the purposes of the motion and not otherwise.

This action is to enforce a personal liability of the defendant, and it must be conceded that it is a transitory action, which may be litigated in any court having cognizance of personal actions to recover damages, in which the defendant, by legal process, may be compelled to appear and defend. On general principles, such an action should be litigated in the state within which the accident happened, and in which the complainants reside. Presumably, the witnesses by whose testimony the truth of the allegations of the complaint must be established or disproved are to be found near the mine in which the deceased was injured. By legal process of the courts of Idaho they can be required to appear and testify upon a trial of the issues in a court of that state, and with less inconvenience to themselves and less expense to the parties than if they are compelled to travel to another

state: The question in the case, however, is not one of expediency, but of legal right, to be determined by consideration of the laws of the state of Washington; and the subject-matter of the action being within the jurisdiction of the superior court, in which it was brought, and of this court, the only question raised by the motion is whether the record shows that the court acquired jurisdiction of the defendant by the valid service of a lawful summons.

The statute which prescribes the conditions under which foreign corporations may do business in this state requires them to have resident agents authorized "to accept service of process in any action or suit pertaining to the property, business or transactions of such corporation within this state in which such corporation may be a party." Pierce's Code, § 7216; 1 Ballinger's Ann. Codes & St. Wash. § 4293; 1 Hill's Ann. St. & Codes, § 1526. It is the defendant's contention that this statute, construed in the light of public policy, in effect, exempts foreign corporations from amenability to judicial process in this state in all actions and suits not pertaining to property, business, or transactions in this state. If the statutes of the state contained no other provision bearing upon the question than the one above quoted, this argument might be prevailing; but the Code expressly provides that, in a civil action against a foreign corporation doing business in this state, the summons may be served upon the secretary of such corporation. Pierce's Code, § 332, subd. 9; 2 Ballinger's Ann. Codes & St. Wash. § 4875.

After mature deliberation and consideration of the authorities, I feel constrained to deny the motion to dismiss, for the reason that by maintaining its principal office in Spokane the defendant has voluntarily placed itself in a situation to be sued in the courts of the state of Washington, and must be deemed to have consented to be bound by the law which authorizes service of process in actions against it to be made upon its secretary. The secretary is a proper officer to receive notice for the corporation, and notice to him of the pendency of an action is sufficient to insure a fair opportunity for the corporation to appear and defend, and such a notice is sufficient to meet the constitutional requirement of due process of law.

The following is a list of the authorities cited and relied upon by the attorneys for the defendant: St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Lafayette Ins. Co. v. French, 18 How. 464, 15 L. Ed. 451; Smith v. Insurance Co., 14 Allen, 336; Sawyer v. Insurance Co., 46 Vt. 697; Mill Company v. Swede Iron Co., 32 N. J. Law, 15; Construction Company v. Railroad Company, 135 Mass. 34, 46 Am. Rep. 439; Railway Company v. Miller, 19 Mich. 305, 315; Dewitt v. Buchanan, 54 Barb. 31, 33; Ferguson v. Neilson (Sup.) 11 N. Y. Supp. 524; Central Company v. Georgia Company (S. C.) 11 S. E. 192; Goldman v. Furness (D. C.) 101 Fed. 467; Kimball v. St. Louis & S. T. Co. (Mass.) 31 N. E. 697, 34 Am. St. Rep. 250; Gregory v. Railroad Company, 40 N. J. Eq. 38; Gardner v. Thomas, 14 Johns. 134, 7 Am. Dec. 445; Morris v. Railway Co., 78 Tex. 17, 14 S. W. 228, 9 L. R. A. 349, 22 Am. St. Rep. 17; Railway Company v. Jackson, 89 Tex. 107, 33 S. W. 857, 31 L. R. A. 276, 59 Am. St. Rep. 28; Railway Company v. Carr, 76 Ala. 388, 52 Am.

Rep. 339; Burdick v. Freeman, 46 Hun, 138; Smith v. Bull, 17 Wend. 323; Robinson v. Oceanic Steam Nav. Co. (N. Y.) 19 N. E. 625, 2 L. R. A. 636; So. Car. R. Co. v. Construction Co. (S. C.) 11 S. E. 192. I deem it unnecessary to discuss these cases, for the reason that the decision of this court must be controlled by the decisions of the Supreme Court and of the Circuit Court of Appeals for the Ninth Circuit in the following cases: Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; New York R. Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292; Stewart v. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Steamship Company v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Denver & R. G. R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L. R. A. 77.

The jurisdiction does not rest upon comity, but upon the positive provisions of law. Therefore the court has no discretionary power to refuse to take cognizance of the case. Motion denied.