Davis, J.
The circuit court affirmed the judgment of the court of common pleas as to the first cause of action, but reversed it as to the second cause of action. The judgment of the circuit court is defended on the ground that the question involved is definitively settled by the rulings of this *17 court in Genin v. Grier, 10 Ohio, 210, and City, of Fostoria v. Fox, 60 Ohio St., 340. With this contention/ we cannot agree.
The cases cited, like all others, should be interpreted with reference to the facts of each case and .the questions presented to and considered by the court. In those cases the question now before this court did not arise. In both cases the cause of action asserted accrued within this state, and the question of conflict of jurisdiction between the courts of this state and the courts of another state did not arise upon the record and was not considered by the court. In each case the question was, which county in this state was the proper forum for the action. That being so, it was answered that the forum must be determined by the statutes of this state, or as it was expressed by Hitchcock, J., in Genin v. Grier: “Whether this distinction between local and transitory actions shall be adhered to must depend upon our own peculiar system of jurisprudence.” But obviously, the statutes of this state could not settle a question of jurisdiction between the courts of this state and those of another state.
Hence, in Thayer v. Brooks, 17 Ohio, 489, in which the plaintiff complained that the defendant cut a ditch across his farm in Pennsylvania, whereby water was diverted from the plaintiff’s mill in Ohio, this court said: “Actions of trespass, and trespass on the case, for injuries to real estate, or land, are local; and in all cases where the act done, and the injury sustained, lie wholly in a foreign jurisdiction, the place of the injury *18 is the forum of the trial. The doctrine is universally recognized as a rule of the common law. But where the injury is sustained in one state from an act done in another, an action to recover damages for the same may be prosecuted in either.”
In a well considered case, the supreme court of Massachusetts said: “It is not denied that trespass quare clausum fregit is a local action, and that at common law the courts of.this commonwealth have no jurisdiction of trespass upon land in another state or country. The objection is not that an action of which the court has jurisdiction is brought in the wrong county, but that the court has not jurisdiction of the cause of. action;” and the court dismissed the action because the cause of action accrued in another state. Allin v. Connecticut River Lumber Co., 150 Mass., 560.
In Ellinwood v. Marietta Chair Co., 158 U. S., 105, the supreme court of the United States declared that, “By the law of England and of those states of the Union whose jurisprudence is based upon the common law, an action for trespass upon land, like an action to recover the title or possession of the land itself, is a local action, and can only be brought within the state in which the land lies.” The same ruling was made in Morris v. Missouri Pacific Ry. Co., 78 Tex., 17.
In 2 Cooley on Torts (3 ed.), 901, it is said: “That actions for trespasses on lands in a foreign country cannot be sustained, is the settled law in England and in this country. The decision of Chief Justice Marshall to that effect in the suit brought by- Mr. Edward Livingston against Mr. *19 Jefferson, for having forcibly dispossessed him of the batture in New Orleans, has been often- followed without question.”
We are of the opinion that the ruling of the circuit court is against the great weight of authority, and therefore its judgment is

Reversed and the judgment of the court of common pleas is affirmed.

Summers, C. J., Crew and Shauck, JJ., concur.