**GREENPEACE, INC., et al, Appellant,**

v.

**EXXON MOBIL CORP., Appellee.**

No. 05–03–01620–CV.

Court of Appeals of Texas,
Dallas.

April 5, 2004.

Rehearing Overruled May 19, 2004.

Robert H. Renneker, Dallas, for Appellant.

Anne M. Johnson, George Walter Bramblett, Jr., Nina Cortell, Victor Vital, Haynes & Boone, L.L.P., Dallas, for Appellee.

Before Chief Justice THOMAS and Justices O'NEILL and RICHTER.

## OPINION

Opinion by Justice RICHTER.

Greenpeace appeals the trial court's grant of a temporary injunction in favor of Exxon Mobil Corporation. On May 27, 2003, Greenpeace staged an organized protest at Exxon Mobil headquarters in Irving, Texas. Concerned that similar protests would disrupt Exxon Mobil's annual meeting scheduled for the following day, Exxon Mobil immediately obtained a temporary restraining order that prohibited similar protest activities. Thereafter, a

hearing was held and the trial court entered a temporary injunction enjoining certain activities on the part of the protestors until a trial on the merits could be completed. Greenpeace urges four issues on appeal. It claims the trial court abused its discretion and erred because it exceeded its jurisdiction when it enjoined activities outside the forum state, the injunction violates Greenpeace's First Amendment rights of free expression, the evidence is legally and factually insufficient to support the injunction, and the injunction is unreasonably vague. We affirm the order of the trial court granting the temporary injunction.

## Factual Background

On the morning of May 27, 2003, approximately 36 protestors affiliated with Greenpeace descended on the Exxon Mobil Corporate headquarters in Irving, Texas. Greenpeace urges that the purpose of the protest was to combat global warming. Some of the protestors conducted traditional protest activities outside the front gates to the headquarters complex. Others dressed in tiger suits entered headquarters buildings, padlocked entry gates, climbed over the entry gates and, using an extension ladder, attempted to gain access to the roof of one of the buildings. This group can also been seen on videotape carrying a rubber life raft around. Yet another group of protestors dressed in business attire entered headquarters buildings and distributed literature. All of these activities were captured on Exxon Mobil corporate security cameras.

Fearing that protestors would disrupt its annual meeting scheduled for the next day, May 28, 2003, Exxon Mobil immediately obtained a temporary restraining order. After a hearing on September 22, 2003 and October 10, 2003, a temporary injunction was granted and the order was signed on October 21, 2003. The temporary injunction prohibits:

1) Breaking into or trespassing on any property or facility in the United States that is identified by a sign, logo, or other identification sufficient to give notice that such property or facility is owned or operated by ExxonMobil or one of its affiliates, including, but not limited to, 5959 Las Colinas Boulevard, Irving, Texas 75039;

2) Tortiously or illegally interfering with the operation of any property or facility in the United States that is identified by a sign, logo, or other identification sufficient to give notice that such property or facility is owned or operated by ExxonMobil or one of its affiliates, including, but not limited to, 5959 Las Colinas Boulevard, Irving, Texas 75039;

3) Barricading, blocking, or preventing access to or egress from any property or facility in the United States that is identified by a sign, logo, or other identification sufficient to give notice that such property or facility is owned or operated by ExxonMobil or one of its affiliates, including, but not limited to, 5959 Las Colinas Boulevard, Irving, Texas 75039; and

4) Endangering or threatening any employee or visitor of ExxonMobil or any of its affiliates as they enter or exit any property or facility in the United States that is identified by a sign, logo, or other identification sufficient to give notice that such property or facility is owned or operated by ExxonMobil or one of its affiliates, including, but not limited to, 5959 Las Colinas Boulevard, Irving, Texas 75039.

## Applicable Law

A temporary injunction's purpose is to preserve the status quo of the litiga-

tion's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* To obtain a temporary injunction, the applicant must plead and prove three specific elements: 1) a cause of action against the defendant; 2) a probable right to the relief sought; and 3) a probable, imminent, and irreparable injury in the interim. *Id.*

■ Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Id.* A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion. *Id.* The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

■ Under the abuse of discretion standard, this Court cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Id.* at 211. This Court cannot substitute its judgment for the trial court's reasonable judgment even if it would have reached a contrary conclusion. *Id.* The trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision. *Id.*

### Application of Law to Facts

In its first issue, Greenpeace complains the trial court abused its discretion and exceeded its jurisdiction when it enjoined Greenpeace from breaking into or trespassing on any readily identifiable Exxon Mobil property wherever it may be situated in the United States. Greenpeace urges that an injunction that enjoins trespass is a local in rem action that only local courts have jurisdiction to consider. Therefore, according to Greenpeace, the portion of the injunction that touches upon trespass outside of the State of Texas is improper.

■ Exxon Mobil urges that the injunction action is not local or in rem, but is in fact in personam and transitory, and the injunction only enjoins tortious or illegal conduct. Exxon Mobil argues that an in personam injunction entered in this state that prohibits tortious and illegal activity is effective wherever a tortfeasor may be found, including other states of the union. For the foregoing reasons, we agree with Exxon Mobil.

The local action doctrine has a long history in the United States. *See e.g., Ellenwood v. Marietta Chair Co.,* 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913 (1895). Texas has recognized the doctrine for many years, as well. *See Texas & Pac. Ry. Co. v. Gay,* 86 Tex. 571, 26 S.W. 599 (1894), *aff'd,* 167 U.S. 745, 17 S.Ct. 1000, 42 L.Ed. 1209 (1897); *Missouri Pac. Ry. Co. v. Cullers,* 81 Tex. 382, 17 S.W. 19 (1891); *Morris v. Missouri Pac. Ry. Co.,* 78 Tex. 17, 14 S.W. 228 (1890)(superseded by 1913 statute, on other grounds, as noted in *Dow Chem. Co. v. Alfaro,* 786 S.W.2d 674, 677–79 (Tex.1990); *Cf. Armendiaz v. Stillman,* 54 Tex. 623, 632–33 (Tex.1881)(the general rule that a person may be sued where he or she is domiciled annuls the technical rules of the common law regarding transitory and local actions).

■ If the action is local in nature, it must be brought in the county and state where the right of action accrued. *Morris,* 14 S.W. at 229. The briefest and clearest distinction between local and transitory ac-

tions has been stated: "If the cause of action be one that might have arisen anywhere, then it is transitory. If it could have only arisen in one place, it is local. . . . For the most part local actions consist of those instituted for the recovery of real estate, or for injuries thereto, or for easements." *Id.*

In application, the Texas Supreme Court has noted that the line between actions termed local and transitory is "shadowy." *Gay,* 26 S.W. at 607. It is settled law that an action or remedy for injuries done to land situated beyond the boundaries of this State, when no part of the act resulting in injury was performed or committed within this State, is purely local and cannot be maintained in any court of this State. *Cullers,* 17 S.W. at 21. The enforcement of a remedy in such cases must be had within the jurisdiction where the land is situated. *Id.*

On the other hand, if the crux of the action does not hinge on resolution of issues specific to the land, but upon conduct of the person, then the cause should be deemed transitory. There are cases in which a court, using its equitable powers, may indirectly affect title to property, real or personal, situated in another state. *Gay,* 26 S.W. at 604–05. The court may do so through action on persons over whom the court does have jurisdiction. *Id.* The nature of the action is one which would directly affect and operate upon the person, and not upon the subject matter, even though the subject matter is referred to in the judgment or order and the person would be ordered to do, or refrain from doing, certain acts which indirectly affect it. *See Estabrook v. Wise,* 506 S.W.2d 248, 253 (Tex.App.-Tyler 1974), *dism'd by agr.,* 519 S.W.2d 632 (Tex.1974)(citing *Gay,* 26

S.W. at 605). But when the suit is strictly local, the subject matter is specific property, and the relief when granted must act directly upon the subject matter, and not upon the person of the defendant, jurisdiction must be exercised in the state where the subject matter is situated. *Gay,* 26 S.W. at 605.

Jurisdiction of courts sitting in equity in these cases exists only when the relief sought is such that it may be given by the act of the person over whom the court exercises jurisdiction. *Id.* Any "claim to affect foreign lands must be strictly limited to those cases where the relief decreed *can be entirely obtained through the parties' personal obedience.*" *Id.* (emphasis original).

An action in personam is one which has for its object a judgment against the person, as distinguished from a judgment against the property. *Green Oaks Apartments, Ltd. v. Cannan,* 696 S.W.2d 415, 418 (Tex.App.-San Antonio 1985, writ denied). As far as suits for injunctive relief are concerned, it is well settled that an injunction acts in personam and not in rem. *Id.* The general rule is that equitable remedies act in personam. *Id.* (citing *City of Dallas v. Wright,* 120 Tex. 190, 36 S.W.2d 973, 976 (1931). The fact that an equitable decree will indirectly affect title to or an interest in land does not preclude the characterization of the action as one in personam, where the remedy will be enforced against the person. *Id.* at 419.

For transitory in personam actions, a court can enjoin activities of an individual wherever he or she may be found. *See Cunningham v. State,* 353 S.W.2d 514, 517 (Tex.Civ.App.-Dallas 1962, writ ref'd n.r.e). So long as the court issuing the injunction has in personam ju-

risdiction over the entity or individual, the power of the injunction is not restricted to the issuing state. *See id.*

In this case, there is no issue concerning title or the application of local real estate laws in other states. The injunction prohibits Greenpeace and the individual protestors from performing tortious or illegal acts. We conclude that this injunction action is transitory and in personam. The trial court did not abuse its discretion, and we overrule Greenpeace's first issue.

In its second issue, Greenpeace urges that the temporary injunction violates its First Amendment rights to free expression. Relying on *Operation Rescue–Nat'l v. Planned Parenthood of Houston and S.E. Texas. Inc.*, 975 S.W.2d 546 (Tex.1998), Greenpeace claims that the trial court failed to balance the restraint imposed against its First Amendment right. *Operation Rescue* was a case directly involving speech and the trial court's implementation of buffer zones. We conclude that *Operation Rescue* is inapplicable to the instant case. The temporary injunction in this case does not restrict speech or expression in any manner whatsoever. The injunction in this case simply prohibits illegal breaking into and trespass on Exxon Mobil property[1]. We overrule Greenpeace's second issue.

In its third issue, Greenpeace complains that the evidence is factually and legally insufficient to support injunctive relief. However, under an abuse of discretion standard, the appellate court does not review factual issues decided by the trial court under legal or factual sufficiency standards. *Crouch v. Tenneco, Inc.*, 853 S.W.2d 643, 649 (Tex.App.-Waco 1993, writ denied). When the decision under review is based on facts determined by the court, those facts must have some support in the evidence. *Id.* at 649, n. 2. Again relying on *Operation Rescue*, Greenpeace urges that there must be specific evidence to support the injunction as to each property covered by its terms or the injunction is improper. While in a free speech case that assertion may be true, because we conclude that this is not a free speech case, that principle of *Operation Rescue* is not applicable to this case. As to the tortious and illegal nature of Greenpeace's activities, the security videotape entered into evidence provides some evidence sufficient to support the injunction. We overrule appellant's third issue.

In its fourth and final issue, Greenpeace urges that the injunction is unreasonably vague. Greenpeace's argument along this vein is unpersuasive. For example, Greenpeace asserts the anti-trespass portion of the injunction is vague, even for a property designated by an Exxon Mobil sign. Such a position is untenable. Greenpeace further argues in conclusory fashion that the other portions of the injunction are too vague to impart sufficient notice as to what it can and cannot do. Greenpeace's arguments fall short in their analysis, and upon reference to the injunction itself, we conclude that its terms are abundantly clear. We overrule Greenpeace's fourth and final issue.

Having overruled all four of Greenpeace's issues, we affirm the order of the trial court granting a temporary injunction.

---

1. The injunction also prohibits Greenpeace from interfering with the operation of any property, blocking access to any property, or endangering or threatening any employees or visitors. Again, speech is not an issue.