**Affirmed and Majority and Concurring and Dissenting Opinions filed March 17, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00672-CV

---

## WILLIAM CASEY FOX, Appellant

## V.

## THOMAS JESSE FOX, INDEPENDENT EXECUTOR OF THE ESTATE OF FRED K. FOX, Appellee

---

**On Appeal from the Probate Court No. 1
Travis County, Texas
Trial Court Cause No. C-1-PB-10-001530**

---

## M A J O R I T Y   O P I N I O N

Appellant William Casey Fox ("Casey") appeals the grant of a plea to the jurisdiction in favor of appellee Thomas Jesse Fox, independent executor of the

estate of Fred K. Fox.[1]  Casey argues the probate court erroneously determined it lacked subject matter jurisdiction over his claims.  We affirm the judgment.

## Background

Fred K. Fox ("Fred") had three sons:  Casey, Thomas Jesse Fox ("Thomas"), and Fred Timothy Fox ("Timothy").  On May 8, 1998, Fred executed and delivered to Casey a document alleged to be a deed to real property located in St. Martin Parish, Louisiana.  The deed purported to convey a fee simple interest to Casey in the real property ("the Louisiana Property").  Casey treated the Louisiana Property as his own and paid property taxes.

Fred died testate in June 2008, and Thomas qualified as the personal representative of Fred's estate later that year.  Subsequently, Casey discovered a "technical defect in the conveyance [of the property] under Louisiana law," and asked Thomas and Timothy to "sign correction deeds."  According to Casey, Thomas and Timothy first agreed but then refused to sign a corrected deed "to correct the technical defect."  In August 2009, Casey filed a "Notice of Claim against Estate" in Travis County probate court against Thomas, as independent executor, "to effectuate the gift and the Warranty Deed dated May 8, 1998 by Fred" and filed of record in Louisiana.

Thomas then filed a "Petition for Ancillary Probate of Foreign Testament and Appointment of Independent Executor" in the district court in St. Martin Parish, Louisiana.  The Louisiana district court ordered that Thomas "be confirmed as the Independent Executor of the Succession of Fred" in March 2010.  Two months later, Thomas filed a "Petition to Nullify Donation Inter Vivos" and

---

[1] The Supreme Court of Texas transferred this case to our court from the Third Court of Appeals.  *See* Tex. Gov't Code § 73.001.  We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue.  *See* Tex. R. App. P. 41.3.

2

asserted among other things that, because the purported 1998 deed was not properly executed and was not "in the form prescribed by law[,] it is an absolute nullity." Thomas then filed a motion for summary judgment based on his argument that the purported deed was void under Louisiana law. The Louisiana district court signed a judgment on December 13, 2010 (1) granting Thomas's summary judgment motion, (2) "annulling, vacating, and setting aside . . . as absolute nullities" the "purported Donation Inter Vivos executed May 8, 1998," (3) declaring Fred "to be the rightful and record owner of the" Louisiana Property, and (4) ordering the Louisiana Property to "be placed into the testate Succession of Fred K. Fox, Thomas Jesse Fox, as the Independent Executor, for the correct administration and disposition of his estate."

In the meantime, Casey filed an "Original Petition for Declaratory Judgment or Reformation" in Travis County probate court in September 2010 and requested the probate court to (1) declare that the deed "conveyed all of Fred K. Fox's interest in the property to" Casey as of the date the deed was signed, (2) sign an order reforming the deed "to express the true intent of Fred K. Fox to convey the property to [Casey] in 1998," and (3) award attorney's fees. Approximately seven years later, Casey amended his petition twice. Casey's second amended petition is the relevant pleading for our purposes. In the second amended petition, Casey requested the same relief as in his original petition, but he added a claim for breach of warranty and an alternative request that the probate court declare that the deed "functioned as an expression of Fred K. Fox's testamentary intent and that the Property vests from the estate to [Casey]."

Thomas, as independent executor, filed a document entitled "Amended Plea to the Jurisdiction, Res Judicata, General Denial and Motion to Dismiss," in which he argued among other things that "Texas courts have no jurisdiction over

3

Louisiana real estate nor the validity of deeds . . . under Louisiana law and the validity of gifts under Louisiana law." He requested the probate court to dismiss Casey's suit for want of jurisdiction or grant summary judgment on res judicata grounds based on the Louisiana district court's judgment voiding the purported 1998 deed.

Casey filed a response and argued that Thomas mischaracterized the lawsuit as one relitigating the Louisiana proceedings. Casey maintained that his suit is "one determining how the estate of Fred Fox should be administered in light of the deed and the Louisiana judgment." Casey asserted the probate court had exclusive jurisdiction to determine Fred's intentions concerning the Louisiana Property and how the property in Fred's estate should be administered considering Fred executed a deed to the Louisiana Property in Casey's favor.

The probate court signed an order dismissing Casey's suit for want of jurisdiction and stating the court "finds it does not have subject matter jurisdiction over this action, as it involves real property in Louisiana." Casey filed a timely appeal.

## Issue Presented

Casey presents one issue. He contends the probate court has jurisdiction to adjudicate whether a Texas decedent intended to make an inter vivos transfer of real property, and to fashion an appropriate remedy against the executor, when the property at issue is located in Louisiana.

## Analysis

### A. Standard of Review

A plea to the jurisdiction challenges a court's authority over the subject matter of a claim. *City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589, 590

4

(Tex. 2015) (per curiam); *Bailey v. Smith*, 581 S.W.3d 374, 385 (Tex. App.—Austin 2019, pet. filed). Whether a court has subject matter jurisdiction is a question of law we review *de novo*. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018); *Bailey*, 581 S.W.3d at 385.

When a plea to the jurisdiction challenges the pleadings, we must determine if the plaintiff carried his burden to plead "facts that affirmatively demonstrate the court's jurisdiction to hear the case." *Meyers*, 548 S.W.3d at 486. In doing so, we construe the pleadings liberally in favor of the plaintiff and consider the pleader's intent. *Id.* "If the pleadings do not contain sufficient facts that affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Id.* On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, so that it is impossible to amend the pleadings to invoke jurisdiction, the plea may be granted and the suit dismissed without allowing the plaintiff an opportunity to amend. *Id.*

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even where those facts may implicate the merits of the cause of action. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009); *Zaatari v. City of Austin*, No. 03-17-00812-CV, —S.W.3d—, 2019 WL 6336186, at *3 (Tex. App.—Austin Nov. 27, 2019, no pet. h.). If the evidence creates a fact issue as to the jurisdictional issue, then it is for the factfinder to decide. *Kirwan*, 298 S.W.3d at 622; *Zaatari*, 2019 WL 6336186, at *3. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Kirwan*, 298 S.W.3d at 622. In considering this evidence, we take as true all evidence

5

favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

**B.      Law Applicable to the Parties' Jurisdictional Arguments**

Casey invokes the Texas Estates Code, which provides that "[a]ll probate proceedings must be filed and heard in a court exercising original probate jurisdiction.  The court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court."  Tex. Est. Code § 32.001(a).  The term "probate proceeding" includes, among other things: (1) "the probate of a will, with or without administration of the estate"; (2) "an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent"; (3) "the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate"; and (4) "a will construction suit."  *Id.* § 31.001(1), (4), (6), and (7).  A matter related to a probate proceeding includes, among other things, "an action for trial of the right of property that is estate property," and "any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative."  *Id.* § 31.002(a)(6), (c)(2).

Casey also cites the Uniform Declaratory Judgments Act ("UDJA").  Under the UDJA, "[a] court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."  Tex. Civ. Prac. & Rem. Code § 37.003(a).  The UDJA's "purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered."  *Id.* § 37.002(b).  "A person interested under a deed, will, written

6

contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). Further, "[a] person interested as or through an executor or administrator, including an independent executor or administrator, a trustee, guardian, other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust in the administration of a trust or of the estate of a decedent . . . may have a declaration of rights or legal relations in respect to the trust or estate . . . to determine any question arising in the administration of the trust or estate, including questions of construction of wills and other writings." *Id.* § 37.005(3).

The probate court determined it lacked jurisdiction over Casey's lawsuit because it "involves real property in Louisiana." Texas courts notably lack subject matter jurisdiction to adjudicate title to interests in real property situated outside Texas. *Devon Energy Prod. Co. v. KCS Res., LLC*, 450 S.W.3d 203, 216 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Trutec Oil & Gas, Inc. v. W. Atlas Int'l, Inc.*, 194 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Holt v. Guerguin*, 106 Tex. 185, 189, 163 S.W. 10, 12 (1914)); *Kelly Oil Co. v. Svetlik*, 975 S.W.2d 762, 764 (Tex. App.—Corpus Christi 1998, pet. denied). On the other hand, a Texas court with jurisdiction over the parties may enforce a party's personal or contractual obligation that indirectly involves property in another state, such as when a Texas court compels a party over whom it has jurisdiction to execute a conveyance of a real property interest located in another state. *Devon Energy*, 450 S.W.3d at 216 (citing *Tex. & Pac. Ry. Co. v. Gay*, 86 Tex. 571, 589, 26 S.W. 599, 605 (1894)); *Hartman v. Sirgo Operating,*

7

*Inc.*, 863 S.W.2d 764, 766 (Tex. App.—El Paso 1993, writ denied); *see McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722, 727-28 (1961). Whether a lawsuit falls into the former or latter category generally depends on the extent to which "resolution of issues specific to the land" are involved. *See York v. Oleum Operating Co.*, No. 06-16-00056-CV, 2017 WL 2622797, at *3 (Tex. App.—Texarkana June 16, 2017, no pet.) (mem. op.); *Greenpeace, Inc. v. Exxon Mobil Corp.*, 133 S.W.3d 804, 809 (Tex. App.—Dallas 2004, pet. denied). If ownership of non-Texas real property interests is more than merely incidental or collateral to the claims, as well as the measure of right of any recovery, then the court lacks jurisdiction. *See Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 646-47 (Tex. App.—Austin 2008, no pet.) (citing *Kegans v. White*, 131 S.W.2d 990, 995 (Tex. App.—Eastland 1939, writ ref'd)). To determine the extent to which title and possession are involved, we look to the nature of the suit, the injury complained of, and the relief sought, together with any relevant evidence. *Devon Energy*, 450 S.W.3d at 216; *Noelke*, 266 S.W.3d at 649; *see Trutec Oil & Gas, Inc.*, 194 S.W.3d at 583-88. Regardless how the claimant frames the pleading allegations, we examine the "basis of his right to recover judgment," and if the "gist" of a claim for damages is based on an adjudication of title to out-of-state real property interests, then a Texas court lacks jurisdiction. *Noelke*, 266 S.W.3d at 647 (citing *Coughran v. Nunez*, 127 S.W.2d 885, 888 (Tex. 1939)).

## C. Application

We begin with Casey's live petition, the crux of which rests upon a single document: the 1998 deed. Among the first assertions in the petition, Casey characterized the 1998 deed as "the subject matter of this request for relief." He alleged that his father, Fred, executed and delivered the 1998 deed, which conveyed to Casey fee simple interest in the Louisiana Property. Casey attached a

8

copy of the 1998 deed to his petition. Casey alleged that he treated the Louisiana Property as his own and paid property taxes until and after his father died ten years later in June 2008. Then, Casey learned that the 1998 deed contained a "technical defect" under Louisiana law, and his siblings—one of whom, Thomas, as executor of Fred's estate—refused to "correct" the defect and re-convey the property to Casey. Consequently, in 2009 Casey notified Thomas in writing that he claimed ownership of the Louisiana Property. In the meantime, as Casey acknowledged in his pleading, a district court in St. Martin Parish, Louisiana, signed a final judgment on December 13, 2010, declaring the 1998 deed and related recorded documents void and "absolute nullities." The Louisiana district court determined that the 1998 deed did not convey title as a deed. The judgment declared Fred the owner of the Louisiana Property that was the subject of the 1998 deed and placed the property "into the testate Succession of Fred K. Fox, Thomas Jesse Fox, as the Independent Executor, for the correct administration and disposition of his estate." Our record does not indicate the Casey appealed the judgment. Almost eight years later, Casey filed the amended petition here before us in Probate Court No. One of Travis County, Texas.

Based on the above factual allegations, Casey asserted three claims for relief. We examine Casey's claims and the "basis of his right to recover judgment" to determine whether ownership of non-Texas real property interests is more than merely incidental or collateral to his claims, as well as the measure of right of any recovery. *See Noelke*, 266 S.W.3d at 646-47. If the "gist" of a claim for damages is based on an adjudication of title to out-of-state real property interests, then the Texas probate court lacks jurisdiction. *Id.*

9

1.    *Declaratory judgment claim*

In support of his first claim, declaratory judgment, Casey reiterated that Thomas contested the 1998 deed's validity and refused to correct or reform the defect.  Casey requested the court to (1) declare that the 1998 deed conveyed all of Fred's interest in the Louisiana Property to Casey as of May 1998 or, alternatively, (2) declare that the 1998 Deed expressed Fred's "testamentary intent" such that the property "vests from the estate to [Casey]."  Casey sought the latter request because, as stated in his appellate brief, the 1998 deed is direct evidence that Fred intended to give the property to Casey and no one else because Fred's will makes no mention of it.

The first requested declaration—that the 1998 deed conveyed all of Fred's interest in the Louisiana Property to Casey—is a clear request to adjudicate title to the Louisiana Property anew and thus involves a "naked question of title" to real property outside of Texas.  *See, e.g.*, *Erkan v. Erkan*, No. 03-14-00148-CV, 2015 WL 8592693, at *3 (Tex. App.—Austin Dec. 8, 2015, pet. denied) (mem. op.); *Devon Energy*, 450 S.W.3d at 216.  Therefore, the probate court lacks subject matter jurisdiction over that claim, and the trial court correctly dismissed Casey's declaratory judgment claim as to the first requested declaration.  *See Meyers*, 548 S.W.3d at 486.

Alternatively, Casey sought a declaration that the 1998 deed functioned as an expression of Fred's testamentary intent and that "the Property vests from the estate to Plaintiff."  This claim, Casey maintains, involves not title but "issues related to a Texas decedent's lifetime actions undertaken in Texas, the decedent's intentions, a warranty given by the Decedent, and the enforcement of Casey's rights against Fred's estate."  To Casey, ownership of the Louisiana Property is incidental to his claim and any measure of recovery.  Our dissenting colleague

10

agrees and would hold that this claim does not involve adjudication of title but merely requests a declaration of Fred's "testamentary intent" and Casey's rights with respect to Fred's estate.

To the contrary, Casey's second request for declaratory relief is not so distinguishable from his first request as to justify treating it differently for jurisdictional purposes. It too is based on the 1998 deed; Casey wants the court to declare that, by executing the 1998 deed, Fred expressed a "testamentary intent" to convey the Louisiana Property to him;[2] and, perhaps most important, unquestionably the stated object of that claim is to vest in Casey title to the Louisiana Property purportedly transferred by the now nullified 1998 deed. In an attempt to minimize the extent to which title bears on this case, Casey acknowledges, as he must, the Louisiana district court's 2010 judgment voiding the 1998 deed and says this case is not about "legal title." But we look to the true basis of the claim and disregard artful pleading. *See Noelke*, 266 S.W.3d at 647-48. The relief Casey seeks in his second request for declaratory judgment—he wants a declaration that the property "vests" in Casey as he contends the 1998 deed intended—is simply inconsistent with the Louisiana judgment of title in the estate. Title to the Louisiana property is neither incidental nor merely tangentially related to Casey's claims. *See York,* 2017 WL 2622797, at *4-5; *Devon Energy*, 450 S.W.3d at 217 (holding that trial court lacked jurisdiction because gravamen of lawsuit was determination of the parties' existing property interests in Louisiana); *Trutec Oil & Gas, Inc*., 194 S.W.3d at 588-91 (rejecting appellant's contention that its action was only "tangentially" related to real property outside Texas; lawsuit required determination of issues specific to Nigerian real property); *Kelly Oil*, 975

---

[2] The 1998 deed is not a testamentary instrument. It purported, rather, to effect an inter vivos transfer of real property. Fred did not pass away until ten years later, and it is asserted he left a written will.

S.W.2d at 763-64 (holding outcome of case depended on who owned real property interests in Mississippi). Therefore, the probate court lacks subject matter jurisdiction over Casey's declaratory judgment claims.

Casey further suggests that his second request for declaratory judgment "raised issues attendant to the interpretation of Fred's will." The dissenting justice apparently agrees, based on assertions that Casey seeks a declaration of his "rights with respect to Fred's estate" and that Casey "seemingly requests the court to determine how the Lousiana property . . . should be distributed." (Dissenting Op. at 3-4). Yet these propositions find no support in the record because among other reasons Casey does not request construction of Fred's will in his pleading. In fact, Casey's live amended petition does not mention Fred's will at all. His declaratory judgment (and all other) claims rest solely on the void 1998 deed, which for all legal purposes never existed. Casey also argues that he is free to bring an unjust enrichment claim against the estate to recover amounts he paid in property taxes, but again he has asserted no such cause of action.

Moreover, while we have not been cited to on-point authority from the Third Court of Appeals, this court in *Devon Energy* rejected an argument similar if not identical to Casey's "testamentary intent" contention in a dispute over ownership of real property interests in Louisiana. In that case, the claimant's live pleading detailed the dispute between the parties over the extent of mineral interests conveyed by an agreement. *Devon Energy*, 450 S.W.3d at 217. Like Casey does here, Devon Energy described the nature of the action as seeking a determination of the "parties' intent" with respect to certain Louisiana mineral interests described in the agreement, as opposed to a "naked question of title." *Id*. Devon Energy requested a declaration of the Louisiana property interests the instrument "intended to convey." *Id*. We rejected the argument and stated, "[i]t is evident, however,

12

that the relief Devon ultimately seeks is the resolution of the disagreement between it and KCS as to which of them owns the Disputed Properties in Louisiana." *Id*. Casey fails to address *Devon Energy* in any of his appellate briefs. The cases Casey cites are distinguishable because Casey is not seeking to enforce a final out-of-state judgment or compel the estate to comply with a valid contract to convey out-of-state land.

### 2. *Breach of warranty and reformation*

We consider Casey's second and third claims together. Casey's second claim is for "reformation as alternative relief." Casey again stated that his brothers refused to reform the 1998 deed to reflect the "true intent of Fred K. Fox to convey the property to [Casey]." Under his third claim, breach of warranty, Casey alleged that Fred warranted good title to the property by way of the 1998 deed. According to Casey, Thomas as the estate's executor has refused to honor that warranty by refusing to execute a correction or reformation instrument.

Casey makes only cursory statements regarding these two claims in his brief and fails to make an adequate argument. Regardless, the gist of the pleaded breach of warranty and reformation claims, construed liberally, is an adjudication of title to the Louisiana Property. Casey's live amended petition states:

Count Two - Reformation as Alternative Relief

14. As Fred K. Fox's successors, Thomas Jesse Fox and Fred Timothy Fox have refused and continued to refuse to reform the Warranty Deed to reflect the true intent of Fred K. Fox to convey the property to Plaintiff.

15. Plaintiff requests an order reforming the Warranty Deed to express the true intent of Fred K. Fox to convey the property to Plaintiff in 1998.

Count Three - Breach of Warranty as Alternative Relief

16. Fred K. Fox warranted and guaranteed to Plaintiff that he transferred to Plaintiff good title to the Property. Thomas Jesse Fox, as personal representative of the Estate of Fred K. Fox, has refused to honor Fred K. Fox's warranty, including by refusing Plaintiff's requests to execute a correction or reformation instrument. Accordingly, Plaintiff asserts against Thomas Jesse Fox, as personal representative of the Estate of Fred K. Fox, a claim for breach of the warranty of title.

. . .

19. For these reasons, Plaintiff asks that Thomas Jesse Fox and Fred Timothy Fox be cited to appear and answer and at trial the Court:

a. Declare that the Warranty Deed to Plaintiff is a valid conveyance of all of Fred K. Fox's interest in the property conveyed.

b. In the alternative, reform the Warranty Deed to express the true intent of Fred K. Fox to convey the property to Plaintiff in 1998.

c. In the alternative, award damages for breach of warranty.

As pleaded, these claims facially involve a "naked question of title" over which a Texas probate court lacks subject matter jurisdiction. *See, e.g.*, *Erkan*, 2015 WL 8592693, at *3; *Devon Energy*, 450 S.W.3d at 216.

**Conclusion**

In sum, the alleged 1998 deed lies at the core of Casey's purported right to recover judgment against the estate. Ownership of the Louisiana Property is very much placed in dispute by Casey's amended petition because his core complaint is that he has been deprived of his claimed interest in the Louisiana Property. Casey contends that he has owned the property since 1998 and seeks a declaration to that effect. He seeks breach of warranty damages necessarily based on an alleged warranty contained in the 1998 deed declared null and void in 2010 by the

14

Louisiana district court. These claims are based on the purported validity of the 1998 deed and seek resolution of the disagreement between Casey and Thomas as to who owns the Louisiana property—a matter decided a decade ago in Louisiana.[3] Casey's pleadings coupled with the unrefuted evidence negates jurisdiction, and the trial court correctly dismissed Casey's claims for lack of subject matter jurisdiction.

We affirm the probate court's order dismissing Casey's lawsuit.

/s/    Kevin Jewell
       Justice

Panel consists of Justices Wise, Jewell, and Hassan. (Hassan, J., concurring and dissenting).

---

[3] In addition to challenging the probate court's subject matter jurisdiction, Thomas also requested judgment based on res judicata. Given its ruling on jurisdiction, the probate court did not reach the res judicata defense.